[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15326
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-21687-CV-UU

HENRY LEE HUGHES,

                                                            Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
Walter McNeil, et al.,
U.S. ATTORNEY GENERAL,
of Mississippi and of Florida-Miami,
U.S. DISTRICT COURT,
of the Northern District of Mississippi,

                                                            Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 3, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Henry Lee Hughes, a federal prisoner proceeding pro se, appeals from the district court's dismissal of his habeas corpus petition, brought pursuant to 28 U.S.C. § 2241. For the reasons set forth below, we affirm.

**I.**

In June 2008, Hughes filed the instant pro se habeas corpus petition in the Southern District of Florida, pursuant to 28 U.S.C. § 2241.[1] In his petition, Hughes challenged the calculation of his applicable guideline range and argued that the court erred under 18 U.S.C. § 3553(a) by relying on impermissible factors, failing to consider Sentencing Commission reports about the crack/powder cocaine disparity, and imposing a sentence that was greater than necessary. Notably, Hughes acknowledged that the Guidelines were mandatory at the time of sentencing and that, although "said law was amended in 2005," it "was not expressly made retroactive." Hughes also asserted that 28 U.S.C. § 2255 was an inadequate or ineffective remedy because he was procedurally barred from bringing a second or successive § 2255 motion and because any such motion would be untimely.

---

[1] Though Hughes was convicted and sentenced in 1998 in the Northern District of Mississippi – for conspiracy to possess with intent to distribute cocaine – he was serving that sentence in the Southern District of Florida. See Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.").

2

A magistrate judge issued a report, recommending that the district court dismiss Hughes's petition on the ground that "§ 2241 petitions may not be used to avoid either the statute of limitations or the prohibitions against successive motions to vacate as contained in the AEDPA." Hughes objected to the magistrate's report, where he essentially repeated the arguments from his § 2241 petition. He clarified, however, that his claim was based in part on Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). The district court overruled Hughes's objections, adopted the magistrate's report, and dismissed Hughes's petition without prejudice.

## II.

"The availability of habeas relief under § 2241 presents a question of law that this [C]ourt reviews de novo." Sawyer v. Holder, 326 F.3d 1363, 1365 n.4 (11th Cir. 2003). "Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255." Id. at 1365. However, "[u]nder the savings clause of § 2255, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Id.; see 28 U.S.C. § 2255(e). We have held that a petitioner may use the "savings clause" to "open the portal" to a § 2241 proceeding when:

3

1) [his] claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 & n.3 (11th Cir. 1999).

### III.

In this case, Hughes has not satisfied the Wofford criteria because his claim is not based on a retroactively applicable Supreme Court decision. His attempt to use Booker and its progeny in this regard is unavailing because, as Hughes himself recognizes, Booker has not been made retroactive to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). Moreover, nowhere in the litigation has Hughes asserted that he was convicted of a nonexistent offense. See Wofford, 177 F.3d at 1244. Finally, Wofford explicitly rejects Hughes's assertion that the statutory restrictions on filing successive motions to vacate render § 2255 an inadequate or ineffective remedy. Id. at 1237, 1245; accord Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) (same); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (same). Thus, because Hughes was not entitled to bring a § 2241 petition through the savings clause, we affirm.

**AFFIRMED.**

4