Fernando FERNANDEZ, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 90–5369
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 18, 1991.

Fernando Fernandez, Rochester, Minn., pro se.

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Barbara L. Petras, Linda C. Hertz, Harriett R. Galvin, Asst. U.S. Attys., West Palm Beach, Fla., for respondent-appellee.

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

BIRCH, Circuit Judge:

Appellant Fernando Fernandez ("Fernandez") was convicted on racketeering charges in the United States District Court for the Southern District of Florida ("the district court") and was sentenced to twelve years in prison. Fernandez filed various *pro se* motions in the district court to reduce his sentence because of a severe heart condition. The motions were made pursuant to Federal Rule of Criminal Procedure 35(b) ("Rule 35(b)"), 18 U.S.C. § 4205(g) ("section 4205(g)"), 28 U.S.C. § 2255 ("section 2255"), and the eighth amendment's prohibition against cruel and unusual punishment. The district court rejected Fernandez's motions for lack of jurisdiction. We AFFIRM the rulings of the district court.

## I. BACKGROUND

After a bench trial, Fernandez was convicted of racketeering and racketeering conspiracy in violation of 18 U.S.C. §§ 1962(c) and (d) and conspiracies to import and distribute marijuana in violation of 21 U.S.C. §§ 963 and 846.[1] The district

---

1. The substance of this collateral appeal is whether the district court had jurisdiction to modify Fernandez's sentence, not whether the original sentence imposed was illegal. Thus, we will not recite the facts which culminated in Fernandez's conviction. Those facts can be

court sentenced Fernandez to two concurrent, twelve-year prison terms for the racketeering convictions followed by probation for each marijuana conviction. Aware of Fernandez's heart condition, the district court recommended that Fernandez be confined at the Federal Correctional Institution in Lexington, Kentucky, one of the principal medical/correctional facilities in the federal prison system.

Before filing the motions at issue in this case, Fernandez filed several other motions based on his medical condition. He first moved for release pending appeal, stating that because his health problems were debilitating he would be unable to flee the jurisdiction. While awaiting a hearing on the first motion, Fernandez filed a second motion to prevent his transfer from the Metropolitan Correctional Center in Miami, Florida to the Federal Correctional Institution in Ashland, Kentucky, claiming that the trip could be dangerous because of his heart problems.[2] The district court denied both motions. Although it had jurisdiction, the district court also denied Fernandez's motion for a reduced sentence.[3]

After this court affirmed Fernandez's racketeering convictions and vacated his marijuana convictions on direct appeal, the district court had another opportunity to adjust Fernandez's sentence based on his medical problems. It declined to do so and affirmed the original twelve-year, concurrent prison terms. The district court did, however, acknowledge Fernandez's special medical needs by continuing to recommend that Fernandez be incarcerated at a medical facility within the federal penal system. Since his resentencing, Fernandez has been confined and treated at the Federal Medical Center in Rochester, Minnesota ("FMC–Rochester"). He also has received exten-

sive treatment at the Mayo Clinic, also in Rochester.

In June 1989, Fernandez instituted a *pro se* collateral attack against his sentence. He first filed a "Motion to Reduce Sentence to Time Served Based Upon Compassion and Defendant's Medical Inability to Complete System" based on Rule 35(b). Fernandez's supplement to and memorandum in support of his Rule 35(b) motion also mention his efforts to convince the Bureau of Prisons to move the district court, pursuant to section 4205(g), to reduce Fernandez's minimum term to the time he had served. On September 21, 1989, the district court denied the Rule 35(b) motion, finding, without explanation, that the United States Parole Commission ("Parole Commission") had jurisdiction over Fernandez's motion. The district court also stated that relief under section 4205(g) was not appropriate because Fernandez was already eligible for parole. The district court did not discuss its jurisdiction under Rule 35(b). Although no direct relief was granted, the district court, noting the precariousness of Fernandez's medical condition, recommended that (1) the Parole Commission release Fernandez at the earliest possible date under appropriate restricted conditions, and (2) if the Commission would not release Fernandez, the Bureau of Prisons grant Fernandez a medical furlough once all the necessary requirements were met.[4]

On December 15, 1989, Fernandez filed a section 2255 motion to vacate, set aside, or correct his sentence. Citing the district court's "fixed and limited jurisdiction," a United States magistrate found that section 2255 conferred no power on the district court to grant the requested relief and recommended that Fernandez's section

found in this court's direct review of Fernandez's conviction, reported in *United States v. Fernandez*, 797 F.2d 943 (11th Cir.1986), *cert. denied*, 483 U.S. 1006, 107 S.Ct. 3230, 97 L.Ed.2d 736 (1987).

2. We note, however, that twenty-seven months later, Fernandez petitioned the district court for a writ of habeas corpus to enable him to make that very same trip back to Miami for his resentencing hearing.

3. Because Fernandez's statement supporting his motion is not in the record, his grounds for the motion are unknown.

4. Fernandez apparently made a motion to revisit the issue of jurisdiction in October, 1989, which does not appear in the record. On December 26, 1989, the district court denied this motion by readopting its September 21, 1989, order.

2255 motion be denied. On March 16, 1990, the district court adopted the magistrate's report and denied the motion.

On January 2, 1990, Fernandez petitioned the district court for relief in a pleading styled "Motions." The pleading emphasized Fernandez's desperate medical condition and requested either release from prison or assistance in obtaining highly specialized treatment. On January 9, 1990, the district court denied the motion, citing its order of December 26, 1989.

## II. DISCUSSION

On appeal, Fernandez asserts that the district court had jurisdiction to act on his section 2255 motion. He claims that his situation presents "'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.'" *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962) (quoting *Bowen v. Johnston,* 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939)). Fernandez's "exceptional circumstances" are based on his medical condition.

Fernandez has suffered several heart attacks, some occurring during his incarceration, and continues to suffer from angina. He has undergone coronary bypass surgery and several angioplasties to alleviate his heart condition. The treatment has been only partially successful. In December 1988, the Federal Medical Officer treating Fernandez stated that Fernandez suffered from terminal coronary artery disease, creating a daily risk of a fatal heart attack. The physician predicted that Fernandez would not live more than two years. The physician also stated, according to Fernandez, that Fernandez could survive beyond two years only if he received a heart transplant.

Fernandez has made alternative requests based on his medical prognosis. First, Fernandez requests that the Bureau of Prisons either provide give him with highly specialized medical treatment, grant him a medi-cal furlough to obtain treatment, or move the district court under section 4205(g) to reduce his sentence. In the alternative, Fernandez contends that the Parole Commission should grant him parole, as recommended by the Bureau of Prisons and the district court, or the district court should reduce his sentence to time served, suspend temporarily his sentence, or grant him relief pursuant to section 4205(g) or Rule 35(b). Finally, Fernandez seeks a recommendation from the United States Department of Justice pardon attorney that Fernandez be pardoned. Because his requests either have been denied or not acted upon, Fernandez asserts that he has been prevented from receiving life-saving medical treatment in violation of his eighth amendment right to be free from cruel and unusual punishment. The violations of this right constitute the "exceptional circumstances" upon which Fernandez claims the district court should have based jurisdiction.

■ Whether a district court has jurisdiction over a prisoner's claim under section 2255 is a question of law subject to plenary review. *See Limon–Gonzalez v. United States,* 499 F.2d 936, 937 (5th Cir. 1974) (careful scrutiny of the record and applicable law did not reveal grounds for relief under section 2255). The findings of fact made by the district court in its § 2255 order will be reversed only if clearly erroneous. *United States v. Deal,* 678 F.2d 1062, 1065 (11th Cir.1982). *Pro se* pleadings are held to "a less stringent standard than pleadings drafted by attorneys." *Byrd v. Stewart,* 811 F.2d 554, 555 (11th Cir.1987). We therefore liberally construe Fernandez's assertions to discern whether jurisdiction to consider his motion can be founded on a legally justifiable base. *See United States v. Jordan,* 915 F.2d 622, 624–25 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1629, 113 L.Ed.2d 725 (1991). (Federal courts are obliged to "look behind the label" of a *pro se* motion to determine if a cognizable remedy is available).

## A. *Rule 35(b)*

Fernandez initiated a collateral attack on his sentence with a Rule 35(b) motion to reduce his sentence to time served. Rule 35(b) was amended in 1986. Thus, we must determine which version of Rule 35(b) is applicable. A petitioner-initiated motion cannot be based on amended Rule 35(b). Fed.R.Crim.P. Rule 35(b) (1991).[5] However, if the petitioner's offense was committed prior to November 1, 1987, old Rule 35(b) is available to support petitioner-initiated motions. Fed.R.Crim.P. Rule 35(b) (1979).[6] Fernandez's offenses were committed in 1983. Thus, old Rule 35(b) applies.[7]

 On direct appeal, this court reversed two charges against Fernandez and remanded his case for resentencing. *See Fernandez*, 797 F.2d at 953. Thus, Fernandez's sentence did not constitute a final, appealable order for the purposes of Rule 35(b) until the district court resentenced Fernandez on October 24, 1988. *See In re United States*, 898 F.2d 1485, 1487 (11th

Cir.1990) (per curiam). ("Only when the defendant is sentenced on all counts on which he is convicted ... does the order become final and appealable.") Fernandez filed his motion on June 12, 1989, 238 days after he had been resentenced and almost twice the 120-day jurisdictional period allowed in the rule. A court has no authority to extend the 120-day period and has no jurisdiction over a Rule 35(b) motion filed after the period runs. *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242–43, 60 L.Ed.2d 805 (1979); *In re United States*, 898 F.2d at 1486. Consequently, the district court rightfully denied Fernandez's untimely Rule 35(b) motion.[8]

## B. *Section 4205(g) and the Bureau of Prisons*

 Fernandez claims that the district court should have granted his motion for relief pursuant to section 4205(g) [9] because the Bureau of Prisons ("the Bureau") refused to enable Fernandez to undergo a heart transplant or to provide him a medi-

---

**5.** Amended Rule 35(b) may be invoked to correct a sentence "only on motion of the Government and then only to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person." *United States v. Valle*, 929 F.2d 629, 633 n. 4 (11th Cir.1991) (per curiam).

**6.** The rule states, in part, that

> [a] motion to reduce a sentence may be made ... within 120 days after the sentence is imposed ..., or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order ... of the Supreme Court denying review of ... a judgment of conviction....

Fed.R.Crim.P. 35(b) (1979).

**7.** In a memorandum of law in support of his *pro se* Rule 35(b) motion, Fernandez argues that Rule 35 could be used to trigger sections of the Sentencing Reform Act of 1984 ("the SRA"), which allows a district court to modify sentences based on extraordinary and compelling reasons. This argument is without merit. Congress has stated unequivocally that the SRA "shall apply only to offenses committed *after* the taking effect of this chapter." Sentencing Act of 1987, Pub.L. No. 100–182, § 2, 101 Stat. 1266, (1987) (emphasis supplied). The SRA's effective date was November 1, 1987, long after Fernandez's 1983 offenses were committed.

Since the provisions of the SRA are not available to Fernandez, the denial of his Rule 35(b) motion for lack of jurisdiction was correct. *See United States v. Metallo*, 908 F.2d 795, 800 (11th Cir.1990) ( [T]he "November 1 [1987] implementation date applies only to crimes committed on or after that date, regardless of the date of conviction or sentencing."); *United States v. Burgess*, 858 F.2d 1512, 1513–14 (11th Cir.1988) (per curiam) (The SRA is not applicable to offenses committed before its effective date, even at the request of a prisoner, and even if the prisoner was resentenced after the effective date.)

**8.** In denying the Rule 35(b) motion for resentencing in its September 21, 1989 order, the district court was silent concerning Rule 35(b). The motion was denied on other grounds. This oversight is of no consequence to this case. We affirm the district court's denial of Fernandez's Rule 35(b) motion, but for the reasons we have discussed. *See Hancock v. New York Life Ins. Co.*, 899 F.2d 1131, 1134 (11th Cir.1990) (affirming result of district court, but for different reasons).

**9.** Section 4205(g) provides that "[a]t any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served." 18 U.S.C.A. § 4205(g) (1985).

cal furlough. We find persuasive the Seventh Circuit's exhaustive analysis of section 4205(g) in *Turner v. United States Parole Commission,* 810 F.2d 612 (7th Cir. 1987). In *Turner* the Seventh Circuit held that by providing the Bureau with absolute discretion over whether to utilize section 4205(g), Congress intended to preclude judicial review of board inaction. *Id.* at 618. In this case, the record does not indicate and Fernandez does not allege that the Bureau has filed a section 4205(g) motion.

■ Thus, because the Bureau has not exercised its advisory authority under section 4205(g), the district court is precluded from reviewing the Bureau's inaction. Furthermore, review under section 4205(g) is not a matter of statutory or constitutional right. *Id.* at 616. "Section 4205(g) does not establish an expectation of parole or even a right to a motion for parole; nor does a constitutional right attach to the mere possibility of conditional liberty." *Id.* Accordingly, since the district court was precluded from reviewing the Bureau's inaction, and Fernandez's rights have not been violated, we affirm the district court's denial of Fernandez's section 4205(g) motion.[10]

■ Fernandez also challenges the Bureau's refusal to grant his requested medical furlough. Neither medical nor penological justification exists for granting Fernandez a medical furlough based on the possibility of undergoing a heart transplant. Fernandez is aware that inmates requesting medical furloughs to receive transplants are required by the Bureau's reasonable guidelines to establish their ability to pay for the procedure and the willingness of a transplant program to consider accepting them. The record does not support Fernandez's claim that he filed the documentation necessary to fulfill the Bureau's requirements. Fernandez is responsible for ensuring that all documents buttressing his claims appear in the record. *See* Fed.R.App.P. 10(b)(2), Rules of the Court of Appeals for the Eleventh Circuit, Rule 10–1; *United States v. Johnson,* 713 F.2d 633, 648 (11th Cir.1983), *cert. denied sub nom. Wilkins v. United States,* 465 U.S. 1081, 104 S.Ct. 1447, 79 L.Ed.2d 766 (1984). Even our liberal construction of Fernandez's *pro se* argument cannot perfect the incomplete record. The absence from the record of the alleged documents is fatal to Fernandez's medical furlough complaint.

C. *The Eighth Amendment and Medical Treatment*

Fernandez contends that the failures of the Parole Commission, the Bureau and the Pardon Attorney to grant relief are tantamount to a violation of the eighth amendment's prohibition against cruel and unusual punishment. Fernandez's various requests for relief have been attempts to obtain the medical care essential to his long-term survival which he cannot obtain through the Bureau. Fernandez cannot state an actionable eighth amendment claim, assuming, *arguendo,* that a basis for jurisdiction exists, unless he can demonstrate that the treatment he has received falls below "minimal civilized" levels or is the result of a prison official's culpable state of mind. *See Wilson v. Seiter,* — U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

■ An inmate's entitlement to medical treatment "reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards" is undisputed. *United States*

---

10. The district court and the Bureau based their denials of Fernandez's section 4205(g) motion on the fact that Fernandez had already become eligible for parole. Neither cites any statutory or case authority for this position. The section explicitly states that the Bureau may move the district court *at any time.* Congress appears to have given the Bureau such latitude so that the Bureau can bring to the district court's attention issues concerning an inmate of which only the Bureau could be aware. No court can force the Bureau to act under section 4205(g), but, as the *Turner* court found, "the Bureau's regulations reveal[ ] no restrictions on its discretion under section 4205(g)." *Turner,* 810 F.2d at 618.

v. DeCologero, 821 F.2d 39, 43 (1st Cir. 1987). To establish a valid eighth amendment claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence [the] deliberate indifference [of prison officials] to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Fernandez has not met this standard.

■ The record demonstrates that Fernandez's medical condition has not been treated with deliberate indifference. Fernandez has been incarcerated at FMC–Rochester since November 1988. During his time he has received treatment at the world-renowned Mayo Clinic and has undergone several specialized procedures, including angioplasty. Fernandez's doctor has written letters to various prison authorities concerning the life-threatening nature of Fernandez's condition, resulting in Fernandez's freedom from prison work duties. Fernandez's condition continues to be monitored at FMC–Rochester and is maintained by medication. In addition, two wardens have advised the Parole Commission of Fernandez's medical condition and requested consideration of an early parole date.

■ Furthermore, "[t]he appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment ... is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment." *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir.1990). Release from confinement is not a possible remedy. The only remedy available to Fernandez would be an injunction from the Minnesota district court, the district in which he is incarcerated. *See Gomez*, 899 F.2d at 1127; 28 U.S.C.A. § 1391(e) (Supp. 1991).

## D. *Section 2255 and the Parole Commission*

■ The district court has denied Fernandez's motion to vacate or set aside his sentence pursuant to section 2255. Section 2255 provides a statutory means by which federal prisoners may obtain habeas corpus review of their sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1629, 113 L.Ed.2d 725 (1991). Section 2255 is not applicable to Fernandez's claims. Accordingly, we affirm the district court's ruling that it was without jurisdiction to consider Fernandez's section 2255 motion.

Section 2255[11] provides four grounds upon which a change of a sentence may be based:

> (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'

*Hill*, 368 U.S. at 426–27, 82 S.Ct. at 470 (quoting 28 U.S.C. § 2255). However, sentences imposed within the statutory limits are insulated from section 2255 review. *Kett v. United States*, 722 F.2d 687, 690 (11th Cir.1984); *Nelson v. United States*, 709 F.2d 39, 40 (11th Cir.1983). The district court sentenced Fernandez pursuant to 18 U.S.C. § 1963 to twelve years in prison for each of his 18 U.S.C. § 1962 offenses. These sentences are well within the twenty-year maximum sentence that the law allows for section 1962 offenses. *See* 18 U.S.C.A. § 1963(c) (1984), amended by 18 U.S.C.A. § 1963(a) (Supp.1991). Thus, because Fernandez's sentences were imposed within the statutory limits, we do

---

11. Section 2255 reads:
 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
 28 U.S.C.A. § 2255 (Supp.1991).

not have jurisdiction to consider Fernandez's motion.

■ Fernandez also challenges the Parole Commission's repeated denial of his requests for parole. However, actions of the Parole Commission may be challenged only in habeas corpus proceedings initiated pursuant to 28 U.S.C. § 2241. *Hajduk v. United States,* 764 F.2d 795, 796 (11th Cir. 1985). Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated. Fernandez is confined at FMC–Rochester in Minnesota. Consequently, even if we were to construe Fernandez's claim as a section 2241 motion, the district court for the Southern District of Florida would not have jurisdiction. Thus, the motion was properly denied.

### E. *Pardon Attorney*

■ Fernandez's final challenge is to the inaction of the Department of Justice pardon attorney. However, Fernandez's concerns about the inactivity of the pardon attorney were not raised before the district court. Because "well-settled procedure ... restricts this [c]ourt to a review of issues presented to the district court [,]" we cannot review the pardon attorney's inaction. *Stephens v. Zant,* 716 F.2d 276, 277 (5th Cir.1983).[12]

AFFIRMED.

---

12. Former Fifth Circuit case which is binding precedent on this court. *See* Fifth Circuit Court of Appeals Reorganization Act of 1980, Pub.L. No. 96–452, § 9(1), 94 Stat. 1995 (1982).