[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2005
THOMAS K. KAHN
CLERK

No. 04-14058
Non-Argument Calendar

_____

D.C. Docket Nos. 97-01602-CV-T-26-EAJ,
94-00197-CR-T-2

EUGENE POST,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 26, 2005)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Eugene Post, proceeding pro se, appeals the district court's order denying his pro se Fed. R. Civ. P. 60(b)(3) motion as an unauthorized successive motion to vacate under 28 U.S.C. § 2255. Following a jury trial, Post was convicted of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, and sentenced to twenty years' imprisonment. Post initially appealed his conviction but then voluntarily dismissed his direct appeal with prejudice. Instead of proceeding on direct appeal, Post filed a § 2255 motion alleging that his trial attorneys were ineffective. On June 29, 2000, the district court denied his § 2255 motion on the merits.

In June 2004, Post filed a Rule 60(b)(3) motion seeking to vacate the district court's denial of his original § 2255 motion. The district court construed Post's Rule 60(b)(3) motion as another § 2255 motion and denied it as successive. Thereafter, we granted a certificate of appealability on the following issue: "Whether the district court erroneously found that appellant's Fed.R.Civ.P. 60(b)(3) motion was an unauthorized successive motion to vacate, set aside, or correct sentence, 28 U.S.C. § 2255?"

We review de novo the question of whether a district court has jurisdiction over a prisoner's § 2255 claims. Fernandez v. United States, 941 F.2d 1488, 1491 (11th Cir. 1991). We review the denial of a Rule 60(b) motion for an abuse of

2

discretion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam). Conversely, "we review the district court's legal conclusions in a § 2255 proceeding de novo and the underlying facts for clear error." Id.

"Most of the provisions of Rule 60(b), which vest courts with broad discretion to reopen judgments on a wide variety of grounds, are inconsistent and irreconcilable with the AEDPA's purpose, which is to greatly restrict the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications . . . ." Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1271 (11th Cir. 2004) (en banc), cert. granted, 125 S. Ct. 961 (2005).[1] Thus, Rule 60(b) motions that are filed to reopen a final habeas judgment are generally "treated as an application to file a second or successive [habeas] petition" and dismissed pursuant to § 2244(b). Id. at 1277.

---

[1] In Gonzalez, this Court consolidated the following three cases for rehearing en banc: Mobley v. Head, No. 02-14224, Lazo v. United States, No. 02-12483, and Gonzalez v. Sec'y for Dep't of Corr., No. 02-12054. See Gonzalez v. Sec'y for Dep't of Corr., 326 F.3d 1175 (11th Cir. 2003) (en banc) (per curiam). These three cases were resolved by Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253 (11th Cir. 2004) (en banc). The Supreme Court has granted certiorari only in the case of Gonzalez. See Gonzalez v. Sec'y for Dep't of Corr., 125 S. Ct. 961 (2005) (granting certiorari as to Gonzalez); Mobley v. Schofield, 125 S. Ct. 965 (2005) (denying certiorari as to Mobley). (Lazo did not seek certiorari.)

The issue in Gonzalez is whether a Rule 60 motion is the appropriate vehicle to challenge a habeas judgment when there has been "an intervening change in the law applicable to the original [habeas] petition." 366 F.3d at 1263. Because Post's case does not involve an intervening change in the applicable law, it is not affected by the Supreme Court's limited grant of certiorari.

Rule 60(b), however, still has "some limited role to play in habeas cases" to the extent that its application is not inconsistent with the AEDPA. Id. at 1272. Rule 60(b) motions are not subject to § 2244's prohibition on successive habeas petitions if (1) the motion is based on "clerical errors in the judgment itself" or (2) "there was fraud upon the federal court which led to the denial of the habeas petition." Id. at 1278.

Post contends that his Rule 60 motion fits into the second exception. This Court made clear in Gonzalez that: "[t]he fraud exception . . . applies where the fraud was perpetrated on the federal [habeas] court and resulted in the denial of federal habeas relief, not where the fraud was perpetrated on a [trial] court." Id. at 1284. Yet, Post's allegations do not state a claim that fraud was perpetrated on the habeas court. Instead, he reframes the ineffective assistance of counsel claims that he made in his prior § 2255 motion as fraud claims pursuant to Rule 60(b)(3). Our decision in Gonzalez makes clear that such repackaging will not succeed in evading the requirements of the AEDPA. Accordingly, we affirm the district court's order denying Post's Rule 60 motion as an unauthorized successive § 2255 motion.

**AFFIRMED.**

4