[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2011
JOHN LEY
CLERK

No. 10-12228
Non-Argument Calendar
_____

D.C. Docket No. 5:89-cr-05014-WS-WCS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

IVORY JOE PRUITT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 16, 2011)

Before EDMONDSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Ivory Pruitt, a federal prisoner proceeding *pro se*, appeals the district court's order, construing his motion for credit for time served as a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255, and dismissing it for lack of jurisdiction. Pruitt contends the district court erred in construing his motion as a successive § 2255 motion, instead of a petition under § 2241 to correct his sentence. We granted Pruitt leave to proceed on appeal *in forma pauperis* and a certificate of appealability as to the following issue: "Whether the district court erred in construing Pruitt's *pro se* motion to adjust his federal sentences as a non-authorized 28 U.S.C. § 2255 motion, as opposed to a 28 U.S.C. § 2241 petition." After review, we affirm the district court.[1]

Granting credit for time served under U.S.S.G. § 5G1.3 "is, in the first instance, an administrative, not a judicial function." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). Credit for time served may be sought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies. *Id.* Further, a petition for writ of habeas corpus pursuant to § 2241 "may be brought only in the

---

[1]We review de novo the dismissal of a § 2255 motion as successive. *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002). We can affirm on any sufficient ground, even if different from that relied upon by the district court. *Parks v. City of Warner Robins*, 43 F.3d 609, 613 (11th Cir. 1995).

district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991).

Because Pruitt sought credit for time served under § 5G1.3, the district court erred in construing his motion as a successive § 2255 motion, instead of a § 2241 petition. The district court did not, however, err in dismissing Pruitt's claim for lack of jurisdiction because Pruitt failed to show he exhausted his administrative remedies and further, his § 2241 petition was filed in the Northern District of Florida.[2]

**AFFIRMED.**

---

[2]Pruitt is incarcerated at the United States Prison in Coleman, Florida, which is located in the Middle District of Florida. Accordingly, his petition should have been filed in the Middle District. *See Fernandez*, 941 F.2d at 1495.