[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16179
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-01311-BJD-PDB

DENNIS ROSS,

Plaintiff - Appellant,

versus

CORIZON MEDICAL SERVICES, et al.,

Defendants,

CORIZON, LLC,
RUDOLPHE LAFONTANT,
Dr., Individual and Official Capacity,
LINDA MELENDEZ-TORRES,
M.D.,

Defendants - Appellees

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 30, 2017)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Dennis Ross, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Corizon, LLC, Dr. Rudolphe Lafontant, and Dr. Linda Melendez-Torres in his 42 U.S.C. § 1983 action for violation of his Eighth Amendment rights. The district court concluded that although Mr. Ross requested or desired different modes of treatment and different medication, the treatment and medication he did receive—including extensive and frequent medical treatment for a variety of ailments—did not amount to deliberate indifference. Upon review of the record and the parties' briefs, we affirm.

**I**

Because we write for the parties, we assume their familiarity with the underlying record and recite only what is necessary to resolve this appeal.

Mr. Ross, a prison inmate at Union Correctional Institution, alleges that he suffers from osteoarthritis, bursitis, tendonitis, fibromyalgia posterior, a dislocated shoulder, ruptured discs in his back, neuropathy, sinus seizures, bone spurs in both feet, asthma, migraine headaches, hernia, herniated discus ulcers, spots on his lungs, cancer, coughing up blood, kidney problems, rashes, gout, hemorrhoids, and bipolar disorder. He asserts

2

that the pain medications that have worked the best to treat his ailments are Neurontin and Tramadol.

Mr. Ross alleges that Dr. Lafontant and Dr. Melendez stopped prescribing him Neurontin and Tramadol pursuant to a policy to save Corizon money. He asserts that the doctors substituted his medications with "in stock medications," which contained aspirin, to which he is allergic. He also alleged that he did not receive any specialized care. In his amended complaint, Mr. Ross requests medical treatment, suitable pain medication, and compensatory and punitive damages.

## II

We review the grant of summary judgment *de novo*, applying the same legal standard used by the district court and drawing all factual inferences in the light most favorable to the nonmoving party. *See Johnson v. Bd. of Regents*, 263 F.3d 1234, 1242–43 (11th Cir. 2001). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the nonmoving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In order to overcome a motion for summary judgment, the nonmoving party must present more than a mere scintilla of

3

evidence supporting his position, and must make a sufficient showing that a jury could reasonably find in his favor. *See Brooks v. Cty. Comm'n of Jefferson Cty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006).

Because Mr. Ross is a *pro se* litigant, his pleadings are liberally construed and "held to a less stringent standard than pleadings drafted by attorneys." *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991) (internal citation omitted).

### III

Mr. Ross raised two counts in his amended complaint, alleging (1) that Corizon, acting through its agents—Dr. Lafontant and Dr. Melendez—acted with deliberate indifference via its policy and custom to save money, causing him substantial pain and suffering and irrevocable damage; and (2) that Dr. Lafontant and Dr. Melendez acted with deliberate indifference to his pain and suffering, causing him substantial pain and suffering and irrevocable damage.

### A

We first address Mr. Ross' claims against Dr. Lafontant and Dr. Melendez.

The Eighth Amendment prohibits "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 105

4

(1976). To state a cognizable claim under § 1983, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Specifically, a plaintiff must establish "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1307 (citations omitted).

Once a serious medical illness or injury has been established, a plaintiff must show that a defendant acted with deliberate indifference to that need. To establish deliberate indifference, a plaintiff must demonstrate "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). Some examples of deliberate indifference include providing "grossly inadequate care[,] . . . [deciding] to take an easier but less efficacious course of treatment, [or providing treatment] . . . so cursory as to amount to no treatment at all." *Id.* But mere evidence of negligence in diagnosing or treating a medical condition or a

showing of medical malpractice does not establish deliberate indifference. *See Estelle*, 429 U.S. at 106. Indeed, "[m]edical treatment violates the [E]ighth [A]mendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citation omitted).

Because the appellees do not contest that Mr. Ross had a serious medical need, we address only whether the appellees acted with deliberate indifference to that need and whether the deliberate indifference caused Mr. Ross' injury.

Mr. Ross has not shown that the doctors had a subjective knowledge of a risk of serious harm by not prescribing certain medications or denying consultations. The record does not reflect that there were any objective signs or symptoms of pain that would substantiate his requests for Neurontin or Tramadol. "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" does not support a claim of deliberate indifference. *Harris*, 941 F.2d at 1505.

Nor has Mr. Ross shown that the doctors disregarded any risk with regard to his ailments. The record reflects that Mr. Ross was repeatedly

6

taken to medical providers for treatment for his various ailments, and he has pointed to no evidence that demonstrates that he was not given treatment when he was in pain or that he was denied treatment. The failure to administer stronger medication is generally a medical judgment that is not an appropriate basis for imposing liability. *See Adams v. Poag*, 61 F.3d 1537, 1547 (11th Cir. 1995). And because Mr. Ross was repeatedly taken to medical providers for treatment, we should be cautious to find an Eighth Amendment violation. *See Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1999) ("[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation.").

Moreover, the record indicates that Mr. Ross showed signs of drug-seeking behavior and hoarding of the specific medications that he requested. Though Mr. Ross disputes the district court's reliance on one of his medical records that indicated such behavior as impermissible hearsay, other evidence in the record shows that he exhibited signs of potential drug-seeking behavior. The district court's consideration of that cumulative evidence was therefore not reversible error.

To the extent Mr. Ross relies on evidence that he was later diagnosed with, and received treatment for, cancer, that evidence is not properly before us because it occurred after the district court granted summary judgment.

7

Moreover, what one medical profession determines at a later point in time does not support a claim of deliberate indifference. *See Harris*, 941 F.2d at 1505. Accordingly, the record does not reflect that Dr. Lafontant and Dr. Melendez acted with deliberate indifference in violation of Mr. Ross' Eighth Amendment rights.

Mr. Ross filed a motion to submit supplemental authority. He seeks to submit the Sixth Circuit's unpublished decision in *Brooks v. Shank*, 600 F. App'x 465 (6th Cir. 2016), which reversed the district court's grant of summary judgment in favor of a prison physician on a deliberate indifference claim. Although *Brooks* is an out of circuit unpublished case, it is relevant to the issues raised and was issued after the filing of his briefs. Mr. Ross' motion is therefore granted. This opinion, however, does not alter our analysis because it is factually distinguishable. In *Brooks*, Gregory Stamper, an inmate who suffered from peripheral neuropathy, hanged himself the day after his treating physician, Dr. Myron Shank, cancelled an appointment that Mr. Stamper sought for his pain. The Sixth Circuit held that a genuine issue of fact remained as to whether Dr. Shank subjectively perceived facts from which to infer substantial risk to Mr. Stamper and disregarded that risk by cancelling the appointment. It cited evidence that Dr. Shank commented that "pain 'hurts,' but will not 'hurt' him" in response

8

to Mr. Stamper's complaints of severe pain and that Dr. Shank knew that Mr. Stamper "was not on effective medications for his pain, yet concluded that 'no other option was available.'" *Id.* at 468 (internal alterations omitted). In contrast, here, there is no record evidence that Mr. Ross was denied treatment or medication, just that he did not agree with the medical treatment provided.

## B

As for Mr. Ross' claim that Corizon, through the actions of Dr. Lafontant and Dr. Melendez, acted with deliberate indifference according to its policy and custom to save money, generally, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'" *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (citation omitted). We have extended that rule to private corporations like Corizon. *See, e.g.*, *Craig v. Floyd Cty.*, 643 F.3d 1306, 1310 (11th Cir. 2011). To hold a defendant liable as a supervisory official, a plaintiff must show that "the supervisor personally participate[d] in the alleged constitutional violation or [that] there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Hartley*, 193 F.3d at 1269.

9

Mr. Ross has not provided evidence of a custom or policy implemented by Corizon to withhold medically necessary medications in order to save money. *See Craig*, 643 F.3d at 1310 (to impose liability under § 1983, a plaintiff must prove that a municipality had a "policy or custom" of deliberate indifference that led to the violation of his constitutional right). And because Mr. Ross has not demonstrated that there was a constitutional violation in this case, by extension, he cannot establish that Corizon participated in or caused such a violation. *See Hartley*, 193 F.3d at 1269.

## IV

Although we express sympathy for Mr. Ross and the ailments that he suffers, the record does not reflect that Dr. Lafontant, Dr. Melendez, or Corizon acted with deliberate indifference to his medical condition. Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED**.

10