[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13068
Non-Argument Calendar

_____

D.C. Docket No. 0:12-cr-60088-WJZ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUELYORY A. RIGAL,
agent of "Kelly",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 25, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Quelyory Rigal appeals her convictions for one count of conspiracy to

commit mail and wire fraud, in violation of 18 U.S.C. § 1349, three counts of wire

fraud, in violation of 18 U.S.C. §§ 1343 and 2, and one count of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2. On appeal, she argues that the district court erred when it denied her motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, based on a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). She claims that the government suppressed evidence that her co-defendant, Juan Carlos Sanchez, was cooperating with the government in an international money-laundering and drug-trafficking conspiracy. She further argues on appeal that the district court erred when it denied her request for discovery of this evidence and denied her request for resentencing based on this evidence. After careful review of the parties' briefs and the record, we affirm the district court's decision.

## I.

According to the indictment, Rigal and her seven co-defendants, including Juan Carlos Sanchez, perpetrated a mortgage fraud scheme involving the sale of units in a condominium complex in Florida. The co-defendants provided false borrower information on the mortgage applications. After a jury trial, Rigal was convicted in April 2013.

In 2016, Rigal filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, the Due Process Clause of the Fifth Amendment, and based on newly discovered evidence in violation of *Brady* and *Giglio v. United*

2

*States*, 405 U.S. 150, 92 S. Ct. 763 (1972).  Rigal asserted that her counsel discovered new evidence that Sanchez was a party in another government prosecution involving an international drug-trafficking conspiracy.  In fact, Sanchez was party to another prosecution, but, while Rigal described him as a confidential informant, he was actually a victim in the other crime.  Rigal claimed that the government concealed this fact from her and that this evidence would have significantly supported her theory of defense at trial.

Rigal issued subpoenas for the Drug Enforcement Administration (DEA) agents involved in the drug conspiracy case, ordering them to appear at an evidentiary hearing and to produce all documents related to Sanchez in that case.  Later, the parties filed a joint notice of withdrawal of the subpoenas, stating that they agreed to in camera production and review of the relevant documents instead.

A magistrate judge conducted the evidentiary hearing on Rigal's motion for a new trial.  At the hearing, the government stated that Sanchez was a victim in the drug-trafficking case and not an informant.  Rigal's counsel from the initial trial, Nicholas Recoba, stated that if the government disclosed this information about Sanchez he would have used the information to impeach the government's witnesses and would have hired a financial accountant to explain Sanchez's activities.  Recoba also stated that he would have advised Rigal to testify and prepared for trial differently.  Sanchez's counsel testified, stating that Recoba

3

asked him in March 2013 if he could interview Sanchez, that he consented, and that Recoba never conducted the interview. He further stated that he did not believe that the drug conspiracy and the present case were related.

The magistrate judge issued an order stating that he had reviewed the documents submitted and found that they did not contain any information that was material or that may be favorable to Rigal on the issues of guilt or punishment within the scope of *Brady*.

Rigal then filed a motion to compel the government to produce reports of interviews with Sanchez. She argued that the information was relevant to solving the motion for a new trial, that it would challenge the credibility of the witnesses, that it would show that Rigal was not within the inner circle of the fraud scheme, and that she was merely a pawn. She also requested a new sentencing based on the undisclosed evidence.

The magistrate judge conducted a second evidentiary hearing to address the motion to compel and the motion for a new trial. The government stated that the indictment and factual proffer for the drug conspiracy were in the public record, that the documents regarding Sanchez's involvement in the drug conspiracy were immaterial and would have been inadmissible in Rigal's trial, and that the DEA reports were already submitted to the court for in camera review. The magistrate judge granted the order to compel within the scope of the existing standing

4

discovery order in Rigal's case and ordered that the government continue to operate under the obligations imposed by *Brady*.

The magistrate judge issued a report and recommendation. He recommended that the district court deny Rigal's motion for a new trial. He stated that he had carefully reviewed the documents submitted by the government in camera and had found no *Brady* violation. He concluded that Rigal failed to establish that the evidence was material and that the evidence could have been discovered by Rigal through reasonable diligence. Additionally, he stated that he found no authority to support the grant of a new sentencing hearing in the absence of a *Brady* violation. Rigal filed an objection to the magistrate judge's findings. The district court conducted a de novo review, overruled Rigal's objections, and adopted the magistrate judge's report and recommendation.

## II.

### A.

We review a district court's denial of a motion for a new trial for an abuse of discretion. *United States v. Brester*, 786 F.3d 1335, 1338 (11th Cir. 2015). Likewise, we review a denial of a motion for a new trial based on a *Brady* violation for an abuse of discretion. *United States v. Fernandez*, 136 F.3d 1434, 1438 (11th Cir. 1998). We only find an abuse of discretion if the district court made a clear error of judgment or applied the wrong legal standard. *ML Healthcare Servs., LLC*

5

*v. Publix Super Mkts, Inc.*, 881 F.3d 1293, 1297 (11th Cir. 2018). We review an alleged *Brady* violation de novo. *Brester*, 786 F.3d at 1338.

Federal Rule of Criminal Procedure 33 allows for the grant of new trials in criminal cases. Fed. R. Crim. P. 33. A Rule 33 motion for a new trial based on the discovery of new evidence is usually governed by the rules specified in *United States v. Thompson*, 422 F.3d 1285, 1294 (11th Cir. 2005). However, if the motion for a new trial is based on a *Brady* claim, it is governed by a different set of guidelines. *See United States v. Vallejo*, 297 F.3d 1154, 1164 (11th Cir. 2002) (setting forth standard for prevailing on a Rule 33 motion based on an alleged Brady violation).

To establish a *Brady* violation, the defendant must show that (1) the government possessed evidence favorable to her; (2) she did not possess the evidence and could not obtain it with reasonable diligence; (3) the government suppressed the favorable evidence; and (4) the evidence was material. *See United States v. Hansen*, 262 F.3d 1217, 1234 (11th Cir. 2001) (per curiam). For *Brady* purposes, evidence is material if a reasonable probability exists that, had the evidence been disclosed, the outcome of the proceeding would have been different. A reasonable probability is "a probability that is sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383 (1985).

6

B.

Rigal cannot prevail on her *Brady* claim because she failed to show that the fact that Sanchez was involved in another criminal investigation was material evidence that could be the basis of a *Brady* violation.  She did not establish that Sanchez's involvement in another criminal act had any bearing on the proceeding here, especially as his testimony was never heard.  While impeaching evidence can be material evidence in a *Brady* analysis, *United States v. Newton*, 44 F.3d 913, 918 (11th Cir. 1994), impeaching non-existent testimony does nothing to undermine the confidence of the outcome of the case.  Further, as Sanchez was the victim in the other case, it is not clear that his involvement would have succeeded in impeaching Sanchez, even if his testimony had been heard.  Rigal's counsel claims that he would have done a more diligent job defending her by hiring a financial accountant, had he known Sanchez was a victim in another criminal matter.  But counsel's strategic decisions or tenacity in preparing a defense does not bear on a *Brady* analysis.  In essence, nothing in the record indicates that knowledge of Sanchez's involvement in another case would have been likely to produce a reasonable probability that the result would have been different here.

Moreover, the magistrate judge correctly identified the standard for materiality of evidence under *Brady* in his report and recommendation.  He stated that "evidence is material only if there is a reasonable probability that, had the

evidence been disclosed to the defense, the result of the proceedings would have been different." He further stated that a reasonable probability is a "probability sufficient to undermine confidence in the outcome."

Rigal's *Brady* argument also fails because she did not show that she could not have discovered the fact that Sanchez was party to another federal investigation with reasonable diligence. Rigal's counsel readily admitted that he had discussed interviewing Sanchez with Sanchez's counsel and Sanchez's counsel stated that he consented to the interview. Further, Sanchez was listed as a potential witness by the government. Therefore, Rigal had ample opportunity to interview him in the course of the proceedings. Rigal, however, chose not to interview Sanchez. Whether Rigal chose not to interview Sanchez for strategic reasons or due to a mistake of law does not bear on whether the information was discoverable through reasonable diligence. Had Rigal opted to interview Sanchez, she could have discovered the information in question.

It follows that the district court, therefore, properly denied the Rule 33 motion for a new trial, as the evidence was not material and could have been discovered through reasonable diligence. *See Hansen*, 262 F.3d at 1234; *Thompson*, 422 F.3d at 1294. The magistrate judge's report and recommendation that the district court adopted correctly states that there was not a reasonable probability that the evidence would have produced a different outcome. The report

also states that the evidence was discoverable through reasonable diligence.  Either of these findings is sufficient to reject the motion for a new trial based on an alleged *Brady* violation.  Therefore, in upholding the ruling from the magistrate judge and rejecting the Rule 33 motion, the district court did not abuse its discretion.

### III.

### A.

We review the denial of a discovery motion for abuse of discretion. *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1264 (11th Cir. 2006).  Wide discretion is accorded to district court judges in their rulings on discovery motions, and review on appeal is accordingly deferential.  *Iraola & CIA, S.A. v. Kimberly–Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003).

The defendant's right to the disclosure of favorable evidence under *Brady* does not "create a broad, constitutionally required right of discovery." *United States v. Jordan¸* 316 F.3d 1215, 1251 (11th Cir. 2003).  *Brady* does not require the government to disclose its entire file to the defense.  *Id.* at 1251–52.  "Rather, Brady obligates the government to disclose only favorable evidence that is 'material.'"  *Id.* at 1252.  When the parties disagree as to whether the evidence is material under *Brady*, the government should submit the evidence to the court for in camera review.  *Id.*

"If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2); *see also Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991) ("[The appellant] is responsible for ensuring that all documents buttressing [her] claims appear in the record.").

## B.

The district court did not err in denying Rigal's discovery request. Rigal failed to establish that the district court abused its discretion in denying her discovery request. The evidence was properly submitted for an in camera review because the parties disputed whether the documents were material under *Brady* and both parties agreed to the in camera review. Further, Rigal failed to include the documents that the magistrate judge reviewed in camera in the record on appeal, as required by Rule 10(b)(2), and there is no other evidence of what information the documents contained. Fed. R. App. P. 10(b)(2). As a result, the record does not support Rigal's assertion that the documents were material under *Brady*; a responsibility born by the appellant. *Fernandez*, 941 F.2d at 1493. Thus, this Court cannot determine whether the documents were material under *Brady* or if the in camera review was conducted incorrectly. As such, we find no abuse of discretion by the district court in denying Rigal's discovery request.

10

IV.

A.

We review a district court's decision not to resentence a defendant for abuse of discretion. *United States v. Vautier*, 144 F.3d 756, 759 n. 3 (11th Cir. 1998). We recognize that, in some circumstances, a *Brady* violation can be the basis of a resentencing hearing where it would not justify a new trial. *See Moore v. Kemp*, 809 F.2d 702, 734-35 (11th Cir. 1987) (en banc).

B.

The district court did not err in denying Rigal's motion for resentencing. As stated, Rigal failed to establish a *Brady* violation because the evidence of Sanchez's involvement in another criminal proceeding was discoverable through reasonable diligence. As there is no *Brady* violation, there is no basis for resentencing. Therefore, the district court did not abuse its discretion.

V.

The district court correctly decided to reject Rigal's motion for a new trial, discovery request, and request for resentencing. It properly found that the knowledge that Sanchez was a victim in another federal criminal prosecution was not material to the trial's outcome and was discoverable through reasonable diligence. As such, there were no grounds for granting a new trial under *Brady*. Further, there was no evidence that the district court abused its discretion in

rejecting the discovery request because Rigal did not include the documents the magistrate judge reviewed in camera in the record on appeal, and nothing in the record suggests that the in camera review was conducted incorrectly. Finally, resentencing was not warranted because the evidence could have been discovered with reasonable diligence, and thus there was no *Brady* violation. Accordingly, we hold that there was no abuse of discretion and, thus, affirm the district court's decision.

**AFFIRMED.**