[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11564
Non-Argument Calendar
_____

D.C. Docket No. 4:07-cr-00308-LGW-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD FLOYD BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 15, 2019)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Donald Brown, a federal prisoner proceeding pro se, appeals from the district

court's denial of a motion construed as being a motion to clarify his sentence.  On

appeal, Brown argues that the district court erred in denying his motion, and that the

time he spent in jail from September 25, 2007, to January 9, 2009 should have been applied to his federal sentence. In response, the government argues that Brown's motion is best construed as seeking relief under 28 U.S.C. § 2241 and that the district court lacked jurisdiction to grant Brown relief under § 2241. After careful review, we affirm.

We review de novo a district court's interpretation and application of a statute and the legality of a sentence. See Dawson v. Scott, 50 F.3d 884, 886 (11th Cir. 1995). We also review de novo whether a district court has subject matter jurisdiction over a case. Mesa Valderrama v. United States, 417 F.3d 1189, 1194 (11th Cir. 2005). We may affirm on any ground supported by the record. Castillo v. United States, 816 F.3d 1300, 1303 (11th Cir. 2016); see also Fernandez v. United States, 941 F.2d 1488, 1494-95 (11th Cir. 1991).

Courts are obligated to "look behind the label" of pro se inmate filings to determine whether they are cognizable under "a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). It is well established that "[a] claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). In addition, a petition filed pursuant to § 2241 must be brought in the district court for the district in which the inmate is

2

incarcerated.  Fernandez, 941 F.2d at 1495.  Any other district court lacks jurisdiction over the § 2241 petition.  Id.

Here, the district court did not err in denying Brown's motion.  As an initial matter, to the extent Brown was seeking to alter his sentence based on credit for time served, his motion should have been construed as a § 2241 petition.  Nyhuis, 211 F.3d at 1345.  As a § 2241 petition, however, the district court would have lacked jurisdiction over it.  See 28 U.S.C. §§ 2241(a), 2255(e); Fernandez, 941 F.2d at 1495.  This is because Brown was required to file any § 2241 petition like this in the district where he was incarcerated, which was South Carolina.  Fernandez, 941 F.2d at 1495.  Further, the United States District Court for the District of South Carolina has already denied a § 2241 petition from Brown that made arguments about crediting his federal sentence.  See Brown v. Warden, FCI Williamsburg, 2017 WL 4174778 (D.S.C. Sept. 17, 2017), aff'd 712 F. App'x 298 (4th Cir. 2018).  Accordingly, the district court would have lacked jurisdiction over any petition brought by Brown to challenge the length of his sentence.

Our review of the record, however, indicates that Brown's filings below are more properly construed as asking the district court only to clarify the timing of his sentence.  Specifically, in one of the filings, he claimed that he was not seeking relief but rather only clarification as to when his federal sentence began. And, as the record reveals, the district court issued an order that fully and correctly explained that

3

Brown's time spent in official detention prior to the start of his sentence had been credited toward his state sentence, and, therefore, could not also be applied to his federal sentence. See 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . . that has not been credited against another sentence."). We can find no error in the district court's order. Accordingly, the district court did not err in addressing Brown's request for clarification, and we affirm. Dawson, 50 F.3d at 886; Castillo, 816 F.3d at 1303.

**AFFIRMED**.