[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10043

Non-Argument Calendar

_____

MICHAEL WAYNE LATHERS,

Petitioner-Appellant,

*versus*

WARDEN,
ATTORNEY GENERAL, STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:21-cv-00207-MHH-SGC

_____

Before WILSON, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Michael Wayne Lathers, proceeding *pro se*, appeals the district court's order dismissing his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) as an impermissible second or successive 28 U.S.C. § 2254 habeas corpus petition.  On appeal, Lathers contends that the district court abused its discretion by denying his motion because a Rule 60(b)(6) motion permits him to circumvent the jurisdictional requirements of 28 U.S.C. § 2244.  Having read the appellant's brief and reviewed the record, we affirm the district court's order dismissing Lathers Rule 60(b)(6) motion for relief.[1]

## I.

We review a district court's order denying a Rule 60(b)(6) motion for abuse of discretion.  *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1170 (11th Cir. 2017).  We review a district court's order dismissing a petition for a writ of habeas corpus *de novo*.  *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011).

## II.

At the outset, we consider whether the district court had jurisdiction to consider a Rule 60(b) motion.  *See Williams v.*

---

[1] The appellant did not serve the appellees with his underlying complaint; thus, they did not file an appellate brief.

*Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." (quotation marks omitted)). We will liberally construe *pro se* filings "to discern whether jurisdiction . . . can be founded on a legally justifiable base." *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991). Accordingly, courts are obligated to "look behind the label" of *pro se* inmate filings to determine whether they are cognizable under "a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624 25 (11th Cir. 1990).

Under Fed. R. Civ. P. 60(b), a district court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) *any other reason that justifies relief.*

Fed. R. Civ. P. 60(b) (emphasis added).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts are precluded from granting habeas relief on claims that were previously adjudicated on the merits in state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d).

Under 28 U.S.C. § 2244(b), a state prisoner who wishes to file a second or successive habeas corpus petition must move the court of appeals for an order authorizing the district court to consider such a petition.  28 U.S.C. § 2244(b)(3)(A).  If a petitioner submits a successive § 2254 petition without first receiving authorization, a district court is without jurisdiction to hear the case and must dismiss the petition. *Burton v. Stewart*, 549 U.S. 147, 157, 127 S. Ct. 793, 799 (2007).

In the habeas context, the Supreme Court has held that Rule 60(b) motions are to be considered impermissible second or successive habeas petitions if the prisoner either (1) raises a new ground for substantive relief, or (2) attacks the habeas court's previous resolution of a claim on the merits. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 125 S. Ct. 2641, 2647-48 (2005).  On the other hand, a Rule 60(b) motion can proceed if "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's . . .

conviction." *Id.* at 533, 125 S. Ct. at 2648. Thus, a Rule 60(b) motion would be proper, for example, if it (1) asserts that a federal court's previous habeas ruling that precluded a merits determination (*i.e.*, a procedural ruling such as a failure to exhaust, a procedural bar, or a statute-of-limitations bar) was in error; or (2) attacks a defect in the federal habeas proceeding's integrity, such as a fraud upon the federal habeas court. *Id.* at 532-36, 532-33 nn.4-5, 125 S. Ct. 2648-50, 2647-49 nn.4-5.

## III.

The record here demonstrates that the district court did not abuse its discretion by dismissing Lathers's Rule 60(b)(6) motion because the motion was an impermissible second or successive § 2254 petition. The district court had the authority to look behind the label of Lathers's motion and recharacterize it to the relevant statutory framework. *See Fernandez*, 941 F.2d at 1491; *Jordan*, 915 F.2d at 624-25. Although Lathers may have framed his claim as a Rule 60(b)(6) motion based on "defects" in the judicial system, he directly attacked the validity of his conviction. Lathers argued that he was entitled to a hearing on his "stand your ground" defense, based on developments in Alabama caselaw, that would have placed his conviction in question. This claim directly attacked the validity of his conviction.

Further, the record demonstrates that Lathers filed his initial § 2254 petition in 2013, which the district court denied and dismissed with prejudice. This Court denied a COA. Lathers has only filed one application for leave to file a successive § 2254

petition, which this Court also denied. Because Lathers merely reasserted arguments raised in a previous § 2254 petition, his instant Rule 60(b)(6) motion was, in effect, an impermissible second or successive § 2254 petition. *Gonzalez*, 545 U.S. at 531-32, 125 S. Ct. at 2647-48. Thus, we conclude that the district court correctly found that because Lathers had not sought leave to apply to file such a pleading before this Court, it lacked jurisdiction over the pleading and dismissed the motion. *See* 28 U.S.C. § 2244(b)(3)(A).

Moreover, Lathers's argument that Rule 60 allows him to circumvent the jurisdictional requirements of § 2244 is unsupported. The Court in *Gonzalez* explicitly stated that Rule 60(b) motions must assert that the previous procedural ruling was in error or indicate a defect in the habeas proceeding's integrity, which Lathers did not do in his Rule 60(b)(6) motion below. *Gonzalez*, 545 U.S. at 532-36, 532-33 nn.4-5, 125 S. Ct. at 2648-50, 2647-49 nn.4-5. Instead, Lathers reasserted his previous petition's claim, which did not satisfy the standard set out in *Gonzalez*. Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Lather's Rule 60(b)(6) motion for relief.

**AFFIRMED.**