[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15037
Non-Argument Calendar

_____

D.C. Docket No. 1:95-cr-00176-JB-S-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGES MICHEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 22, 2020)

Before BRANCH, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Georges Michel, a federal prisoner proceeding pro se,[1] appeals the district court's denial of his motion -- filed under Federal Rule of Criminal Procedure 36 -- to correct a clerical error in the record. No reversible error has been shown; we affirm.

I.      Background

In 1998, a jury found Michel guilty of six counts of conspiracy to commit drug trafficking offenses. In pertinent part, the Presentence Investigation Report ("PSI") attributed over 150 kilograms of cocaine to Michel; this much cocaine resulted in a base offense level of 38. The PSI also recommended a 4-level enhancement based on Michel's role as an organizer of the conspiracies.

At the sentencing hearing, the sentencing court calculated Michel's base offense level as 38. The district court rejected the PSI's recommendation for a 4-level role enhancement and applied, instead, a 3-level role enhancement based on Michel's conduct underlying the conspiracy offense in Count Ten. Based on a

---

[1] We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

total offense level of 41 and a criminal history category of IV, Michel's guidelines range was calculated as 360 months to life imprisonment. The district court sentenced Michel to 400 months' imprisonment on each count, to run concurrently.

On appeal, we reversed Michel's conviction for Count Ten. We also vacated Michel's sentences for the remaining counts and remanded for resentencing in the light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

During the resentencing proceedings, the court relied on the original PSI and applied the same guidelines calculations made at the original sentencing hearing. The resentencing court found that Michel was responsible for more than 150 kilograms of cocaine. The resentencing court also applied the same three-level role enhancement that it had applied during Michel's original sentencing. The sentencing court then imposed a total sentence of 360 months' imprisonment: 240 months for Count One to run consecutive to 120-month concurrent sentences for Counts Two, Four, Five, and Six. The sentencing court also granted the government's motion to dismiss Count Ten. We affirmed Michel's new sentence on direct appeal.

In 2004, Michel moved to vacate his convictions and sentences pursuant to 28 U.S.C. § 2255. The district court denied the motion on the merits. This Court denied Michel a certificate of appealability.

In 2015, Michel filed a Rule 36 motion to correct a clerical error in the record. Michel sought to remove from his PSI the three-level enhancement for his managerial role in the conspiracy offense charged in Count Ten. The district court denied the motion. The district court explained that conduct underlying a dismissed count may still be considered "relevant conduct" for sentencing purposes.

In 2019, Michel filed pro se the Rule 36 motion at issue in this appeal. Michel again seeks to correct a purported clerical error in his PSI. Michel contends that -- because Count Ten was dismissed -- the three-level role enhancement based on conduct underlying Count Ten should be removed from the PSI.[2] In the alternative -- if "Rule 36 is not the appropriate avenue for seeking relief" -- Michel requested that the district court treat his motion as a petition for relief under 28 U.S.C. § 2241.

---

[2] We note that Michel's PSI contains no recommendation for a three-level role enhancement. Michel appears, instead, to challenge the inclusion of factual findings in the PSI that related to Michel's conduct underlying Count Ten and that resulted in the sentencing court's application of a three-level role enhancement during the earlier sentencing proceedings.

The district court denied Michel's Rule 36 motion. The district court concluded that because Michel sought a substantive alteration to his sentence (not merely the correction of a clerical error), Rule 36 did not fit his purpose. The district court also concluded that venue was not proper for consideration of Michel's request for relief under section 2241.

II.    Discussion

We review de novo the district court's application of Rule 36. United States v. Davis, 841 F.3d 1253, 1261 (11th Cir. 2016).

Rule 36 allows a district court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. We have stressed "that Rule 36 may not be used to make a substantive alteration to a criminal sentence." See Davis, 841 F.3d at 1261; United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004). Instead, Rule 36 is a remedy to correct errors that are "minor and mechanical in nature." Portillo, 363 F.3d at 1165.

Here, Michel's Rule 36 motion asked the district court to remove from the PSI facts about Michel's conduct underlying Count Ten and the resulting three-

level role enhancement.  In a letter to the district court, Michel asserted that, if the error were corrected, he would spend three fewer years under house arrest.  In essence, Michel seeks to shorten the term of his sentence.  Because Michel seeks to alter substantively his criminal sentence -- not merely to correct a minor or mechanical clerical error -- relief is unavailable under Rule 36.  See Davis, 841 F.3d at 1261; Portillo, 363 F.3d at 1164.

The district court also declined correctly to review Michel's request for relief under 28 U.S.C. § 2241.  "Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."  Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991).  Because Michel is in custody in Florida, the United States District Court for the Southern District of Alabama lacks jurisdiction to consider Michel's petition as one per section 2241.

In addition, we cannot conclude that the relief Michel sought would have been available under a different statute or rule.  In general, a federal prisoner "collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255."  Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  To the extent Michel's pro se motion might be construed as a motion to vacate his sentence under 28 U.S.C. § 2255, however, the district court would have lacked jurisdiction to consider the motion.  Michel had already filed a section 2255

6

motion and had obtained no authorization from this Court to file yet another section 2255 motion.  See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

AFFIRMED.[3]

---

[3] In his appellate brief, Michel argues that the resentencing court exceeded its authority on remand to make a new drug-quantity finding and also violated Apprendi.  We addressed and rejected these arguments on direct appeal from Michel's new sentence; we will not revisit those issues in this appeal.  For background, see Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1291-92 (11th Cir. 2005) ("Under the law-of-the-case doctrine, the resolution of an issue decided at one stage of a case is binding at later stages of the same case." (alteration omitted)).