[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  17-15706
_____

D.C. Docket No. 3:17-cv-01260-BJD-MCR

ALBERT HOLLAND, JR.,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents - Appellees.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 1, 2019)

Before: ED CARNES, Chief Judge, MARCUS, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Albert Holland, a Florida death row inmate, appeals the district court's orders dismissing his 28 U.S.C. § 2254 petition for lack of subject matter jurisdiction and denying his motion for reconsideration. We affirm.[1]

I.

Nearly thirty years ago, Albert Holland attacked a woman and left her semi-conscious with severe head wounds. Then, when the police tried to arrest him, Holland grabbed one of the officers' guns and fatally shot the officer in the groin and stomach. A Florida jury convicted Holland of first-degree murder (among other things) and the state trial court sentenced him to death.

Since then, Holland's case has generated over two decades' worth of litigation, most of which is not relevant to this appeal. See Holland v. Florida, 775 F.3d 1294, 1298–1305 (11th Cir. 2014) (setting out the procedural history). For our purposes, it is important to know that after Holland's conviction and sentence became final, and after he unsuccessfully sought postconviction relief in state court, he filed three federal habeas petitions. First, in 2006 Holland filed a 28 U.S.C. § 2254 petition in the Southern District of Florida. That petition, which made it all the way up to the Supreme Court and back, was ultimately denied on

---

[1] The panel unanimously agrees that oral argument is not needed in this case. See 11th Cir. R. 34-3(b), (f) (permitting a panel to determine by unanimous vote that the appeal will be decided without oral argument); 11th Cir. R. 22-4(b)(1) (stating that capital habeas appeals "shall proceed" under the Eleventh Circuit Rules); see also 11th Cir. R. 22-4, IOP 2 ("A capital case appeal will include oral argument on the merits unless the panel decides unanimously that oral argument is not needed.").

the merits.  See Holland, 775 F.3d at 1322.  Second, in 2009 Holland filed a petition under 28 U.S.C. § 2241 in the Middle District of Florida.  The district court dismissed that petition without prejudice.  It found that although Holland labeled the petition as one arising under § 2241, the petition challenged the validity of his conviction and was therefore subject to the second or successive requirements set out in 28 U.S.C. § 2244(b), including the requirement that he seek this Court's authorization before filing it.  Because Holland did not obtain our authorization, the district court concluded that it lacked subject matter jurisdiction over the petition.  Both the district court and this Court denied Holland a certificate of appealability.  See Holland v. Sec'y, Dep't of Corr., No. 09-13497 (11th Cir. Nov. 24, 2010).

That brings us to Holland's third federal habeas petition, the subject of this appeal.  In 2017 Holland filed a habeas petition in the Middle District of Florida.  Once again, he did not obtain this Court's authorization to do so.  So once again, the district court dismissed the petition without prejudice for lack of subject matter jurisdiction and denied Holland a certificate of appealability.  Holland then filed a motion for reconsideration, which the district court denied after concluding that it did not meet the requirements for altering or amending a judgment under Federal

3

Rule of Civil Procedure 59(e) or for relief from final judgment under Federal Rule of Civil Procedure 60(b).  Holland now appeals both orders.[2]

## II.

We review <u>de novo</u> whether the district court had jurisdiction over Holland's third federal habeas petition.  <u>See</u> <u>Bowles v. Sec'y, Fla. Dep't of Corr.</u>, 935 F.3d 1176, 1180 (11th Cir. 2019).  It did not.  Holland has already filed two habeas petitions in federal court.  The first of those petitions was denied on the merits.  That means any later petition -- containing claims, like the ones here, that could have been raised when Holland filed his initial § 2254 petition -- that Holland filed is considered "successive" and must meet the requirements set out in 28 U.S.C. § 2244(b).  <u>See</u> <u>Boyd v. United States</u>, 754 F.3d 1298, 1302 (11th Cir. 2014) (holding that an earlier-in-time petition can only render a later one

---

[2] Holland did not need a certificate of appealability (COA) to appeal from the district court's order dismissing his petition for lack of subject matter jurisdiction because that order is not "final" for purposes of 28 U.S.C. § 2253(c).  <u>Hubbard v. Campbell</u>, 379 F.3d 1245, 1247 (11th Cir. 2004).  It is unclear, however, whether Holland needed to obtain a COA to appeal from the district court's order denying his motion for reconsideration of the dismissal of his petition for lack of jurisdiction. We have held that a petitioner needs a COA to appeal the denial of a Rule 59(e) or Rule 60(b) motion that challenges the denial or dismissal of a habeas petition, an appeal from which would itself require a COA.  <u>See</u> <u>Perez v. Sec'y, Fla. Dep't of Corr.</u>, 711 F.3d 1263, 1264 (11th Cir. 2013) (Rule 59(e)); <u>Gonzalez v. Sec'y for the Dep't of Corr.</u>, 366 F.3d 1253, 1263 (11th Cir. 2004) (en banc) (Rule 60(b)).  We have not, however, decided whether those holdings should be extended to an appeal from the denial of a Rule 59(e) or Rule 60(b) motion that challenges the dismissal of a petition for lack of jurisdiction, an appeal from which would not itself require a COA.  We need not decide that issue in this case because even assuming that Holland did not need a COA to appeal the denial of his motion for reconsideration of the dismissal of his petition in this case, we affirm the district court's denial of his motion for reconsideration.

successive if it was denied on the merits).  One of those requirements is that the petitioner "move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]" before he files it in district court. 28 U.S.C. § 2244(b)(3)(A).  Because Holland did not do so, the district court was without jurisdiction to consider his petition on the merits and had no choice but to dismiss it.  See Burton v. Stewart, 549 U.S. 147, 157 (2007) (holding that a district court must dismiss a petition "for lack of jurisdiction" if the petitioner doesn't obtain the court of appeals' authorization before filing it).

To the extent Holland argues that his petition was filed under § 2241 instead of § 2254, and as a result, the second or successive requirements do not apply, we disagree.  This Court has long held that "a prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions . . . by nominally bringing suit under § 2241."  Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 (11th Cir. 2008).  There is no question that the claims Holland asserted in his third federal habeas petition attacked the validity of his conviction and sentence.  And there is no question that the authorization requirement set out in § 2244(b)(3)(A) is one of the procedural restrictions that Antonelli was talking about.  See Bowles, 935 F.3d at 1182 (describing "the AEDPA's restrictions on second or successive applications" as a "procedural obstacle" that cannot be overcome by bringing suit under § 2241).  So

5

even if Holland intended for his third federal habeas petition to be filed under § 2241 and not § 2254 -- an argument he never made in the district court -- he still needed this Court's authorization before filing the petition, and the district court still needed to dismiss the petition because he failed to obtain that authorization.

### III.

Holland did not specify whether he filed his motion for reconsideration under Rule 59(e) or Rule 60(b).  Either way, we review the district court's denial for an abuse of discretion.  Jenkins v. Anton, 922 F.3d 1257, 1263–64 (11th Cir. 2019); Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1207 (11th Cir. 2014). Under that standard "we affirm unless we determine that the district court applied an incorrect legal standard, failed to follow proper procedures in making the relevant determination, or made findings of fact that are clearly erroneous."  Lugo, 750 F.3d at 1207.  Because we conclude that the district court did not err in dismissing Holland's petition for lack of subject matter jurisdiction, we also conclude that the district court did not abuse its discretion by denying Holland's motion for reconsideration of that dismissal.

**AFFIRMED**.[3]

---

[3] Because we affirm the dismissal of Holland's habeas petition on the ground that the district court lacked jurisdiction, we do not address the state's separate argument that the district court should have dismissed the petition because it was filed pro se and Holland was represented by counsel.