[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12044
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00005-CG-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL LASSITER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 1, 2020)

Before MARTIN, ANDERSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Appellant Michael Lassiter is currently serving a term of supervised release

following a federal conviction for failing to register as a sex offender.  Proceeding *pro se*, Appellant challenges the district court's order denying his petition for 119 days' credit for time served.  Because we conclude that the district court lacked jurisdiction to entertain Appellant's petition for sentencing credit, we remand for the district court to vacate its order and dismiss the petition.

## I.    PROCEDURAL HISTORY

In 1998, Appellant was convicted of molestation of a juvenile in Louisiana. He later moved to Florida, where he registered as a sex offender in May 2011. After moving from Florida to Alabama, however, Appellant did not register with local authorities.  In 2012, Appellant pled guilty in the Southern District of Alabama to one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a).  The district court imposed a sentence of 33 months' imprisonment and 240 months' supervised release before returning Appellant to Florida state custody to serve a soon-to-be-imposed state sentence.  According to Appellant, the Florida court imposed a 33-month sentence and ordered that the sentence run concurrently with his federal sentence.

After state authorities released Appellant to federal custody in 2014, Appellant moved the district court for the Southern District of Alabama for a *nunc pro tunc* order informing the Bureau of Prisons that his federal sentence should run concurrently with his state sentence.  The district court denied the motion,

informing Appellant that it had no authority to revise his federal sentence to make it run concurrently with an already-served state sentence and that he should seek an administrative remedy with the Bureau of Prisons.

After Appellant's release from prison, the district court revoked his supervised release three times, resulting in additional terms of imprisonment and supervised release. On September 14, 2018, while incarcerated for his third supervised-release violation at the Federal Correctional Institute, Marianna in Florida ("FCI Marianna"), Appellant filed a "Motion to Obtain *Kayfez* Credit" in the Southern District of Alabama seeking a 119-day reduction in his sentence pursuant to *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993) (vacating a district court's denial of a federal prisoner's 28 U.S.C. § 2241 petition for sentencing credit under 18 U.S.C. § 3585(b)). In his motion, which the court entered on Appellant's criminal docket, Appellant argued that he had served his 33-month concurrent terms of imprisonment for failing to register as a sex offender in Florida and was entitled to sentencing credit for 119 days that he spent in federal custody after his concurrent prison terms had expired.

The district court denied the motion in an order issued on March 13, 2019 and sent notice of its order to Appellant's last known address, FCI Marianna. A separate judgment was not entered on the docket. Although the court's notice was returned undeliverable, Appellant learned of the court's order and filed a notice of

3

appeal from the endorsed order via mail.  The envelope containing his notice of appeal was postmarked May 22, 2019 and showed that Appellant was then incarcerated at the Federal Correctional Institution, Yazoo City in Mississippi ("FCI Yazoo City").

On appeal, we issued a jurisdictional question to the parties, asking whether Appellant's "Motion to Obtain *Kayfez* Credit" should be construed as a civil or criminal motion and whether the notice of appeal was timely to the extent that the civil rules applied.  Only the Government responded, and we ordered that the jurisdictional question be carried with the case.  During the pendency of this appeal, Appellant was released from federal custody, but he remains subject to the terms of his supervised release.

## II.    DISCUSSION

### A.    Appellate Jurisdiction

We begin by resolving the jurisdictional issue posed to the parties.  We have an independent obligation to ensure that we have jurisdiction to entertain an appeal, and we review our subject matter jurisdiction *de novo*.  *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1206 (11th Cir. 2019).  Here, we conclude that the proceeding below was civil in nature and that Appellant's notice of appeal was timely filed under the civil rules.  Accordingly, insofar as

4

Federal Rule of Appellate Procedure 4, with its time limits for filing an appeal, is concerned, we have jurisdiction over this appeal.

As an initial matter, we conclude that the civil rules, not the criminal rules, govern this appeal because we construe Appellant's "Motion to Obtain *Kayfez* Credit" as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Appellant's reliance on *Kayfez* is telling.  There, a federal prisoner filed a § 2241 petition seeking credit under 18 U.S.C. § 3585(b) for time spent in presentencing detention.  *Kayfez*, 993 F.2d at 1289.  Here, Appellant seeks analogous relief— credit for time spent in custody beyond his term of imprisonment—and he did not invoke any other authority on which his sentence might have been reduced.  *See United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010) (noting that a district court's authority to modify a prison sentence is "narrowly limited" under 18 U.S.C. § 3582(c)).  Moreover, we have recognized that § 2241 provides a vehicle for receiving sentencing credit.  *See McCarthan v. Dir. of Goodwill Indus.- Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) (en banc) (noting that 28 U.S.C. § 2255(e)'s "saving clause" permits federal prisoners to "file a [§ 2241] petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits"); *see also United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.").

5

Accordingly, we apply the civil rules to determine whether we have jurisdiction to entertain this appeal.

"The timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (alteration accepted) (quoting *Bowles v. Russell,* 551 U.S. 205, 214 (2007)). When, as here, the United States is a party to a civil suit, a notice of appeal must be filed within 60 days after "entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(B)(i). The date that a judgment or order is "entered," which event triggers the 60-day limitation period, depends on whether Federal Rule of Civil Procedure 58(a) requires that a judgment be set out in a separate document. Fed. R. App. P. 4(a)(7)(A). When Rule 58(a) does not require a separate document, the time to appeal runs from the date the judgment or order is entered on the docket. Fed. R. App. P. 4(a)(7)(A)(i). When a separate document is required, however, the time to appeal runs from the earlier of (1) the date that the judgment or order is set out in a separate document or (2) 150 days after entry of the judgment or order. Fed. R. App. P. 4(a)(7)(A)(ii).

Here, a separate document was required. Under Rule 58(a), "[e]very judgment and amended judgment must be set out in a separate document" unless the order disposes of a motion "(1) for judgment under Rule 50(b); (2) to amend or make additional findings under Rule 52(b); (3) for attorney's fees under Rule 54;

6

(4) for a new trial, or to alter or amend the judgment, under Rule 59; or (5) for relief under Rule 60." Fed. R. Civ. P. 58(a). Because Appellant's "Motion to Obtain *Kayfez* Credit" was a § 2241 habeas petition, not a motion exempted from the separate-document requirement, Rule 58(a) required that the judgment be set out in a separate document. *Id.* The clerk, however, did not issue a separate document. Thus, the 60 days to appeal did not begin to run until 150 days after the district court entered its March 13, 2019 order denying Appellant's habeas petition. Fed. R. App. P. 4(a)(1)(B)(i), (a)(7)(A)(ii). That gave Appellant a total of 210 days from March 13, 2019 to file a notice of appeal.

Pursuant to the prison mailbox rule, Appellant's notice of appeal was deemed filed on the date stamped on the envelope containing the notice, May 22, 2019, which was only 70 days after the court's order and well within his 210-day window for filing a notice of appeal. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." (quotation marks omitted)); Fed. R. App. P. 4(c)(1) (providing that an inmate's notice of appeal "is timely if it is deposited in the institution's internal mail system on or before the last day for filing" and there is "evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid"). Because Appellant timely filed his notice of appeal, we retain

jurisdiction under Federal Rule of Appellate Procedure 4 to entertain this appeal.

*See Green*, 606 F.3d at 1300.[1]

### B.    The District Court's Jurisdiction

The Government argues, however, that there is another reason that the

district court lacked jurisdiction over Appellant's petition for sentencing credit:

Appellant filed the petition in the wrong court.  Here, we agree with the

Government.

We review *de novo* whether the district court had jurisdiction over a federal

habeas petition.  *Holland v. Sec'y, Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th

Cir. 2019).  "District courts are limited to granting habeas relief 'within their

respective jurisdictions.'"  *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting

28 U.S.C. § 2241(a)).  Under the plain language of § 2241, "jurisdiction lies in

only one district:  the district of confinement."  *Id.* at 443.  Accordingly, "[s]ection

2241 petitions may be brought only in the district court for the district in which the

inmate is incarcerated."  *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th

Cir. 1991) (holding that the district court for the Southern District of Florida lacked

---

[1] We note that Appellant's release from prison did not moot this appeal because he continues to serve a term of supervised release that could be altered if he succeeded on the merits.  *See Dawson v. Scott*, 50 F.3d 884, 886 & n.2 (11th Cir. 1995) (holding that being released from federal custody did not moot the appeal of a habeas petitioner who sought credit for time spent in a halfway house because he was still serving his term of supervised release and success in his case could alter his term of supervised release).

jurisdiction over a § 2241 petition challenging the Parole Commission's denial of parole because the inmate was incarcerated in a federal institution in Minnesota).

Here, the district court lacked jurisdiction to entertain Appellant's "Motion to Obtain *Kayfez* Credit," which we construe as a § 2241 habeas petition. Although Appellant was then incarcerated at FCI Marianna in the Northern District of Florida, he did not file his § 2241 petition in that district, as required by statute. *Padilla*, 542 U.S. at 442–43; *Fernandez*, 941 F.2d at 1495. Instead, he sought relief in the Southern District of Alabama. Although the district court for the Southern District of Alabama had sentenced Appellant, it had no jurisdiction to entertain his § 2241 petition for sentencing credit when Appellant was incarcerated in another district. *See United States v. Plain*, 748 F.2d 620, 621 n.3 (11th Cir. 1984) (holding that the sentencing court, the district court for the Southern District of Florida, lacked jurisdiction to entertain a § 2241 petition challenging the Parole Commission's actions because the inmate was incarcerated in the Northern District of Florida). Accordingly, we remand the case for the district court to vacate its order denying Appellant's petition for sentencing credit and to dismiss the petition for lack of jurisdiction.[2]

---

[2] We note that Appellant has already sought identical relief in a court of competent jurisdiction. While incarcerated at FCI Yazoo City, the institution from which Appellant filed his notice of appeal to this Court, Appellant filed a § 2241 petition in the Southern District of Mississippi seeking 119 days' credit for time served. Because Appellant had failed to exhaust his administrative remedies with the Bureau of Prisons, the district court for the Southern District of Mississippi dismissed his petition without prejudice.

## III.    CONCLUSION

We remand this case to the district court.  On remand, the district court should vacate its order denying Appellant's § 2241 petition, styled as a "Motion to Obtain *Kayfez* Credit," and enter an order dismissing the petition without prejudice for lack of jurisdiction.

**REMANDED.**