[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15186
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cv-00736-TJC-JBT

DAVID ADAMS,

Plaintiff - Appellant,

versus

JERRY HOLLAND,
as property appraiser of Duval County, Florida,
THE CONSOLIDATED CITY OF JACKSONVILLE,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 11, 2020)

Before WILSON, LUCK and BLACK, Circuit Judges.

PER CURIAM:

David Adams, a male over the age of 40 and former civil service employee with the Duval County Property Appraiser's Office (PAO), appeals the district court's grant of summary judgment in favor of the Consolidated City of Jacksonville (the City) and Jerry Holland, as Property Appraiser of Duval County, on claims brought pursuant to the Age Discrimination in Employment Act (ADEA) and Florida Civil Rights Act of 1992 (FCRA). He also challenges the court's refusal to alter its ruling on his motion for reconsideration. Adams argues the court erred in: (1) declining to apply the prima facie test for reduction-in-force (RIF) cases and finding that he could not establish a prima facie case of age discrimination, and (2) concluding that he failed to present evidence of pretext or discriminatory intent sufficient to defeat a motion for summary judgment. After review,[1] we affirm.

## I. DISCUSSION

### A. *Prima Facie Case*

Under the ADEA, it is unlawful for an employer to discharge any employee who is at least 40 years old "because of such individual's age." 29 U.S.C.

---

[1] We review the district court's grant of summary judgment de novo, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). Summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the denial of a post-judgment motion for reconsideration for an abuse of discretion. *Holland v. Sec'y, Fla. Dep't of Corr.*, 941 F.3d 1285, 1288 (11th Cir. 2019).

§§ 623(a)(1), 631(a).  Similarly, the FCRA makes it unlawful for an employer to discharge an individual on the basis of age.  Fla. Stat. § 760.10(1)(a).  We analyze age discrimination actions under the FCRA under the same framework as the ADEA.  *See Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1266 (11th Cir. 2014).

A plaintiff may prove an ADEA claim through direct or circumstantial evidence.  *Id.* at 1270.  Where a claim is based on circumstantial evidence, we use the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Id.*  Under this framework, the plaintiff must first establish a prima facie case of discrimination.  *Id.*  This generally requires a plaintiff to show that: (1) he was a member of the protected group of persons between the ages of 40 and 70; (2) he was subject to an adverse employment action; (3) a substantially younger person filled the position that he sought or from which he was discharged; and (4) he was qualified to do the job for which he was rejected.  *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999).  In a RIF case, the test is modified, and a plaintiff must show that: (1) he was in the protected age group and was subject to an adverse employment decision; (2) he was qualified for his current position or to assume another position at the time of discharge; and (3) "evidence by which a fact finder could reasonably conclude that

3

the employer intended to discriminate on the basis of age" in reaching its decision. *Jameson v. Arrow Co.*, 75 F.3d 1528, 1532 (11th Cir. 1996).

The district court did not err in finding that Adams could not establish a prima facie case of age discrimination under the ADEA. As an initial matter, the court did not err in concluding that the modified prima facie test for RIF cases was inapplicable because the City had not eliminated Adams's position as a Property Field Representative and had replaced him with another individual following his termination. *See Mazzeo*, 746 F.3d at 1270-72 (concluding that modified test did not apply where plaintiff's position was not eliminated and another individual replaced him). Adams failed to establish a prima facie case because the City did not fill his position with a substantially younger person and instead replaced him with someone older. *See Damon*, 196 F.3d at 1359. Thus, no genuine issue of material fact existed as to whether Adams could establish a prima facie case of age discrimination under the ADEA.[2]

---

[2] The district court also concluded that even under a RIF framework, Adams "failed as a matter of law to demonstrate that but for his age, he would have been laid off, or that Defendants' reason for terminating him was pretextual." While we do not reach the issue of pretext because Adams failed to establish a prima facie case, we agree, for the reasons set forth in Section II.B, that Adams's claims would fail even under a RIF framework. *See Jameson*, 75 F.3d at 1532 (requiring plaintiff in RIF case to present "evidence by which a fact finder could reasonably conclude that the employer intended to discriminate on the basis of age").

*B. Other Evidence of Discrimination*

To the extent Adams argues it was unnecessary for him to establish a prima facie case where other circumstantial evidence supports an inference of intentional discrimination, the district court did not err in concluding that Adams failed to present such evidence. Even if a plaintiff cannot establish a prima facie case of discrimination, he will "survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (quotation marks and footnote omitted).

The City showed that Adams was terminated as a result of the operation of established rules. The PAO, which is part of the consolidated City government, has both civil service and appointed employees. Under the City's Charter and Civil Service Rules, civil service employees who take appointed positions retain the right to revert back to the same or comparable civil service position and may displace or "bump" a civil service employee from that position if it is occupied. Adams was terminated when a more senior PAO employee, who was also older

5

than him, exercised this right, displacing Adams from the only civil service position within the PAO.

Adams argues that the City falsely used the term "reduction in force," misrepresented who had the authority to hire for appointed positions within the PAO, offered to settle with him, and filled appointed positions to which he himself did not apply with individuals who were younger than him. The evidence that he presented, however, fails to create a "convincing mosaic" of circumstantial evidence from which intentional discrimination can be inferred. *See id.* While the City hired some younger individuals for appointed positions within the PAO following Adams's termination, these hiring decisions do not give rise to an inference of discrimination because Adams never applied for any PAO position after he was laid off, and one new hire was older than Adams. *Cf. Jameson*, 75 F.3d at 1532 ("[W]here a job for which the plaintiff is qualified, and for which the plaintiff applies, is available at the time of termination, and the employer offers the job to an individual outside the protected age group, an inference of intentional discrimination is permissible."); *Beaver v. Rayonier, Inc.*, 200 F.3d 723, 729-30 (11th Cir. 1999) (concluding, in RIF case, that employer's failure to hire plaintiff into the supervisor position for which he applied, decision to fill supervisor positions with younger employees, and comment about attracting younger employees, supported inference of intentional discrimination). Although Adams

6

argues no alternative appointed positions were offered or even mentioned to him, the record does not reflect that the City kept him from knowing of or applying for such jobs.  The district court therefore did not err in concluding that Adams failed to present a "convincing mosaic" of circumstantial evidence that would allow for an inference of intentional discrimination.

## II.  CONCLUSION

The district court did not err in finding that Adams failed to establish a prima facie case of age discrimination where he was replaced by someone older, nor did it err in concluding that Adams failed to present evidence of intentional discrimination sufficient to otherwise survive summary judgment.  Accordingly, we affirm the district court's grant of summary judgment and its refusal to alter its ruling on reconsideration.

**AFFIRMED.**