**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-13620

Non-Argument Calendar

_____

CANTRELL HILL,

*Plaintiff-Appellant,*

*versus*

BERNARD HILL,

VASHITTI BROWN,

TERENCE KILPATRICK,

*Defendants-Appellees.*

_____

Appeal from the United States District Court

for the Southern District of Georgia

D.C. Docket No. 6:20-cv-00023-JRH-BWC

_____

Before JORDAN, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Cantrell Hill, a Georgia prisoner proceeding *pro se,* appeals the district court's order granting summary judgment based on qualified immunity in favor of defendants—Bernard Hill, Vashitti Brown, and Terence Kilpatrick—on his civil rights claim under 42 U.S.C. § 1983.  Hill argues that the court erred in: failing to consider his objections to the magistrate judge's various Report and Recommendations ("R&Rs"), misconstruing his Fed. R. Civ. P. 59(e) motion as a 60(b) motion, failing to find that he asserted a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), finding that his claims for declaratory and injunctive relief were moot, dismissing his case without ruling on his motion for additional discovery, and failing to hold that Hill had also sued the Georgia Department of Corrections ("GDC").  Hill, however, fails to challenge the qualified immunity of the three defendants— the basis on which summary judgment was granted in their favor.

# I.

An appellant must clearly and specifically identify in his brief any issue he wants the appellate court to address, otherwise it will be deemed abandoned.  *Marek v. Singletary,*  62 F.3d 1295, 1298 n.2 (11th Cir. 1995).  If "an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).   Where  an  appellant  makes  only  a  passing

reference to an issue or raises it in a perfunctory manner, without providing supporting arguments or authority, that claim is considered abandoned and need not be addressed on appeal. *Id.* at 681. This is true even when the plaintiff is proceeding *pro se*. *See, e.g., Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Further, arguments raised for the first time in a reply brief are not properly before us. *See, e.g., Sapuppo*, 739 F.3d at 682-83; *Timson*, 518 F.3d at 874 ("[W]e do not address arguments raised for the first time [even] in a *pro se* litigant's reply brief.").

Here, Hill fails to challenge the substantive ruling on the defendants' qualified immunity claim, the basis of the court's ruling on the motion for summary judgment. In his brief, Hill states five issues: (1) failure to find a RLUIPA claim, (2) failure to adequately consider his R&R objections, (3) failure to consider his motion for additional discovery, (4) dismissal of his declaratory and injunctive relief claims as moot, and (5) failure to construe his complaint as including GDC as a defendant. The court granted the motion for summary judgment based on qualified immunity and the mootness of his other claims for relief. Hill fails to challenge the grant of summary judgment itself. Hill only fully addresses the issue of qualified immunity in his Gray Brief, and this Court does not consider issues raised for the first time in a reply brief. *See Timson*, 518 F.3d at 874. While Hill does raise the argument that his claims for declaratory and injunctive relief were not moot, his claim for compensatory and punitive damages in the form of monetary relief are precluded by the finding that the defendants had qualified immunity. His requests for declaratory and injunctive relief still do not

challenge the grant of summary judgment on his free exercise claims, so he has fully abandoned his challenge to the grant of summary judgment on his free exercise claims. *See Sapuppo*, 739 F.3d at 680. [1]

## II.

In *Houston v. Lack*, 487 U.S. 266, 270-73 (1988), the Supreme Court set forth the prison mailbox rule, holding that, for purposes of Federal Rule of Appellate Procedure 4(a)(1), a *pro se* prisoner's

---

[1]     Even if we were to reach the merits of this issue, Hill has failed to show that defendants violated a clearly established right by using his commissary purchases as a proxy to judge the sincerity of religious beliefs. A right can be clearly established in any one of three ways: (1) by case law with indistinguishable facts, (2) by a broad statement of the principle in the Constitution, statute, or case law, or (3) by conduct so egregious that a constitutional right must have been violated, regardless of the absence of comparable case law. *T.R. v. Lamar Cty. Bd. Of Educ.*, 25 F.4th 877, 883 (11th Cir. 2022). To prevail on a free exercise claim, an inmate's religious beliefs must be sincerely held. *Cutter v. Wilson*, 544 U.S. 709, 725 n.13 (2005). As such, prison officials "may appropriately question whether a prisoner's religiosity, asserted as the basis for a requested accommodation, is authentic." *Id.*

Research has not shown any case from this Court, the Supreme Court, or the Supreme Court of Georgia that clearly establishes that using an inmate's commissary purchases as a proxy to judge the sincerity of his professed religious beliefs is unlawful and Hill does not point to any. There is no broad statement of the right against using an inmate's commissary purchases as a proxy for the sincerity of religious beliefs professed in the Constitution, a statute, or any case law.

notice of appeal is "filed" on the date that the prisoner delivers the notice to prison authorities, rather than the date on which the court clerk receives the notice.

When a party timely files written objections to a magistrate judge's proposed findings and recommendations, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1). *De novo* review requires the district court's consideration of contested factual issues be independent and based upon the record before the court. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

We will review the denial of a Rule 59(e) motion or a Rule 60(b) motion for an abuse of discretion. *Holland v. Sec'y Fla. Dep't of Corr.*, 941 F.3d 1285, 1288 (11th Cir. 2019). Under that standard we will "affirm unless we determine that the district court applied an incorrect legal standard, failed to follow proper procedures in making the relevant determination, or made findings of fact that are clearly erroneous." *Id.* (quoting *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1207 (11th Cir. 2014)). We will not reverse if an error by the district court was harmless. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1276 (11th Cir. 2008). "[T]he standard for harmless error is whether the complaining party's substantive rights were affected." *Id.*

"There are no specific grounds for relief listed in Rule 59(e). But we have said that a district court may alter or amend a judgment that is based on manifest errors of law or fact." *Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019)(citing *Metlife Life & Annuity*

*Co. of Conn. v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018)) (internal quotation marks omitted). Additionally, "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgement was issued." *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001) (quoting *Lockard v. Equifax, inc.*, 163 F.3d 1250, 1267 (11th Cir. 1998) (quoting *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992))).

"We review the denial of a motion under Rule 56(d) for abuse of discretion." *Isaac Indus., Inc. v. Petroquímica de Venezuela, S.A.*, 127 F.4th 289, 297 (11th Cir. 2025). Under Rule 56(d), where the non-moving party to a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the district court may delay consideration of the motion, deny the motion, allow additional time for discovery, or issue another appropriate order. Fed. R. Civ. P. 56(d). However, the court is not required to await the completion of discovery before ruling on a motion for summary judgment, so long as the parties have had an adequate opportunity for discovery. *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990). We have not required a party to file an affidavit to receive protection under Rule 56(d) because, at times, justice requires postponing a ruling even where the party has not complied with the technical requirements of Rule 56(d). *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 570 (11th Cir. 1990) (interpreting Rule 56(d)'s predecessor). Nonetheless, in seeking the protection of Rule 56(d), the non-movant "must specifically

demonstrate how postponement of a ruling on the motion will enable [him], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Fla. Power & Light Co.*, 893 F.2d at 1316 (quotations omitted). "[V]ague assertions that additional discovery will produce needed, but unspecified facts" are insufficient to meet this burden. *Id.* (quotations omitted).

Here, Hill's argument that the court failed to conduct a *de novo* review of his objections to the magistrate judge's various R&Rs is unsupported by the record. In its February 8, 2022, Order and its May 16, 2022, Order, the court stated that it conducted an independent *de novo* review of the record before addressing Hill's objections to the R&R's. In its October 25, 2022, Order, despite mischaracterizing Hill's objections as "late-filed," the court specifically stated that it reviewed the objections and found that Hill failed to meet the requirements for relief from final judgment. Dist. Ct. Doc. 92 at 4. It specifically held that Hill "continue[d] to put forth the same arguments that the Court [had] rejected throughout [the] case and offer[ed] nothing new for the Court to reconsider . . ." *Id.* So, the court clearly stated in each case that it considered and rejected Hill's objections.

The court did abuse its discretion here by applying the wrong legal standard in considering Hill's Rule 59(e) motion by construing it as, and analyzing it under, the Rule 60(b) standard. Under the prison mailbox rule, Hill's motion was filed on the date that he delivered the motion to prison authorities for mailing—August 12, 2022. This was only 28 days after the court's order

adopting the R&R and granting defendants' motion for summary judgment. The court, therefore, misconstrued Hill's motion based on its incorrect finding that both the motion and his objections were filed more than 28 days after judgment.

However, the error here was harmless because Hill's substantive rights were not affected. *Goldsmith*, 513 F.3d at 1276. Had the court properly construed Hill's motion under Rule 59(e), it would still have properly denied it for failing to meet the correct legal standard. Fed. R. Civ. P. 59(e). The only grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact and in its order, the court explicitly states that Hill continued to put forth the same arguments the court had repeatedly rejected, offering nothing new for the court to consider. *In re Kellogg*, 197 F.3d at 1119. As a result, the outcome would have been the same if the court had properly construed Hill's motion as a Rule 59(e) motion rather than a Rule 60(b) motion, and Hill's substantive rights were not affected by the court's misconstruction of his motion.

Finally, Hill has not shown that the court abused its discretion in not ruling on the magistrate judge's order denying the discovery under Fed. R. Civ. P. 56(d) In his initial brief Hill does not argue how any additional discovery he sought would have created a genuine issue of material fact. Hill does not explain the relevance of the requested discovery. Therefore, he has not met his burden of showing that the court abused its discretion.

**III.**

The district court must liberally construe *pro se* pleadings, as they are held to a lower standard than those drafted by attorneys. *Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002) (per curiam).

RLUIPA does not authorize claims for monetary damages against prison officials in their individual capacities. *See See Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2001), *abrogated in part on other grounds by Sossamon v. Texas*, 563 U.S. 277, 288 (2011).

Here, the court did not err in failing to find that Hill brought a RLUIPA claim in his operative complaint. Hill expressly stated that he agreed with the magistrate judge's determination in the frivolity review that he would proceed only with a First Amendment claim. He did not address his desire to add a RLUIPA claim, nor has he addressed why he failed to bring up a RLUIPA claim at that time. Further, the magistrate judge adequately addressed the fact that a RLUIPA claim would still not allow Hill to recover, because RLUIPA does not permit monetary damages against prison officials and, as discussed below, his claims for injunctive and declaratory relief are moot. The court, therefore, did not fail to liberally construe Hill's pleadings; rather, it chose not to rewrite his complaint to include a RLUIPA claim that did not previously exist and that would not allow him to recover. Therefore, on this issue we affirm.

**IV**.

The Declaratory Judgment Act provides that declaratory judgment may be issued only in the case of an "actual controversy." *Nat'l Trust Ins. Co. v. S. Heating & Cooling, inc.*, 12 F.4th 1278, 1281 (11th Cir. 2021). There must be a substantial, continuing controversy between the parties under the facts alleged. *A&M Gerber Chiropractic LLC v. Geico Ins. Co.*, 925 F.3d 1205, 1210-11 (11th Cir. 2019).

"The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Warren v. DeSantis*, 125 F.4th 1361, 1364 (11th Cir. 2025) (quoting *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002)). Claims for injunctive relief are moot if a plaintiff has already received the injunctive relief he seeks because "injunctive relief, unlike damages, is inherently prospective in nature." *Gagliargi v. TJCV Land Trust*, 889 F.3d 728, 734 (11th Cir. 2018). A claim for relief which has already been satisfied is moot because the court can do nothing more than "affix a judicial seal of approval to an outcome that has already been realized." *Id*. (citing *Flanigan's Enters., Inc. v. City of Sandy Springs*, 868 F.3d 1248, 1264 (11th Cir. 2017 (*en banc*))).

When an individual sues government officials in their official capacity, the suit is to be treated as a suit against the entity, so long as the government receives notice and an opportunity to respond. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). However, the standard in an official capacity action is a higher bar. *Id*. The entity is only liable under § 1983 when the entity itself is a "moving force" behind the alleged deprivation. *Id*. In an official capacity

suit, an entities' policy or custom must have played a part in the violation of federal law. *Id.*

Federal courts have no authority to fire state employees or take over the performance of their functions. *Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir. 1977), *rev'd in part on other grounds by Alabama v. Pugh*, 483 U.S. 781 (1978).

Here, there is no longer an "actual controversy" because Hill requested relief by asking for prison officials to "stop enforcing [an] illegal policy restricting vegan participants from applying for vegan [meals]." The record shows that Defendant Hill granted Hill's most recent application to be put on the Alternative Entrée Meal Plan ("AEP"), giving Hill what he personally sought. Thus, declaratory relief cannot be provided and his claim on that issue is moot. *Florida Azalea Specialists*, 19 F.3d at 621. In any event, Defendants Hill, Brown, and Kilpatrick do not have the authority to provide him with any further relief because they neither have the power to transfer him to a prison with the AEP (and Hill did not request a transfer) nor do they have the power to make Smith State Prison capable of administering the AEP itself.[2] Hill requested relief by the removal of defendants from their positions, which the court

---

[2] We note that the Defendants Hill sued have approved his application to be put on the AEP and recommended he be transferred to a prison that could satisfy his dietary needs. We also note Warden Kilpatrick retired in 2019, almost immediately after this approval. And Hill has not sued the Georgia Department of Corrections, which could order the transfer or institution of the AEP at Smith State Prison. Hill's complaint alleged very specific and personal complaints against the three defendants and could not reasonably be construed as a complaint against them in their official capacity.

does not have the authority to do.  *Newman*, 559 F.2d at 288.  The court does not have the power to provide Hill the requested relief, and this is another reason his claim is moot.  *Ethredge*, 996 F.2d at 1175.  As such, we affirm.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED**