**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12183
Non-Argument Calendar
_____

In re: MARISA CHANILE SMITH,

*Debtor.*

_____

MARISA CHANILE SMITH,

*Plaintiff-Appellant,*

*versus*

SHOMA HOMES AT NAUTICA SINGLE FAMILY,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-61931-DSL
_____

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Marisa Chanile Smith, proceeding pro se, appeals the district court's order affirming the bankruptcy court's annulment of the automatic stay and denial of Smith's motion for reconsideration. Smith argues that the bankruptcy court clearly erred by finding that she filed her Chapter 13 bankruptcy petition in bad faith and abused its discretion by granting the motion of creditor Shoma Homes at Nautica Single Family for relief from the automatic stay based on that finding. She also argues that the bankruptcy court abused its discretion by denying her motion to reconsider its annulment order without addressing her new arguments and evidence and without engaging in a reasoned analysis. We affirm.

## I.

In a bankruptcy case, we sit as a second court of review and independently examine the bankruptcy court's decisions. *Law Sols. of Chicago LLC v. Corbett*, 971 F.3d 1299, 1304 (11th Cir. 2020). We review the bankruptcy court's legal conclusions de novo and its factual findings—including a finding that a bankruptcy petition was filed in bad faith—for clear error. *Id.*; *In re Brown*, 742 F.3d 1309, 1315 (11th Cir. 2014). "Findings of fact are not clearly erroneous unless, in light of all the evidence, we are left with the definite and firm conviction that a mistake has been made." *In re Custom Contractors, LLC*, 745 F.3d 1342, 1346 (11th Cir. 2014) (quotation omitted).

We review a bankruptcy court's annulment of the automatic stay under 11 U.S.C. § 362 for abuse of discretion. *In re Patel*, 142 F.4th 1313, 1319 (11th Cir. 2025). We also review the denial of

a motion for reconsideration or relief from judgment for abuse of discretion. *Holland v. Sec'y, Florida Dep't of Corr.*, 941 F.3d 1285, 1288 (11th Cir. 2019); *see In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "A bankruptcy court abuses its discretion when it misapplies the law or bases its decision on clearly erroneous findings of fact." *In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 125 F.4th 1365, 1381 (11th Cir. 2025).

## II.

## A.

Smith first argues that the bankruptcy court abused its discretion by annulling the automatic stay triggered by the filing of her bankruptcy petition, based on its finding that her bankruptcy petition was not filed in good faith. *See* 11 U.S.C. § 362. Ordinarily, post-filing proceedings against the debtor or her property violate the automatic stay and are "void and without effect." *In re Patel*, 142 F.4th at 1320 (quotation omitted). But § 362(d) authorizes bankruptcy courts to annul the automatic stay "for cause," thus granting relief from the stay that is retroactive to the date of filing of the petition. *Id.*; 11 U.S.C. § 362(d)(1).

A finding that a bankruptcy petition was filed in bad faith is sufficient cause for relief from an automatic stay. *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989); *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988). In determining whether a petition was filed in bad faith, bankruptcy courts "may consider any factors which evidence an intent to abuse the judicial process and the purposes of the reorganization provisions." *In re Phoenix*

*Piccadilly*, 849 F.2d at 1394.  Those factors include "the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13"; "the timing of the filing of the petition" and other relevant actions; "the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors"; "the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors"; and "whether the petition was filed strictly to circumvent pending litigation." *In re Brown*, 742 F.3d at 1316–17; *In re Nat. Land Corp.*, 825 F.2d 296, 298 (11th Cir. 1987); *In re Dixie Broad.*, 871 F.2d at 1027.  Facts indicating that a petition was filed "to delay or frustrate the legitimate efforts of secured creditors to enforce their rights" support a finding of bad faith.  *In re Phoenix Piccadilly*, 849 F.2d at 1394 (quotation omitted).

Here, the bankruptcy court's finding that Smith filed her Chapter 13 bankruptcy petition in bad faith was adequately supported by the record.  The petition was Smith's third in four years, and the two previous petitions were dismissed without confirmation of a plan for reorganization and repayment of her debts.  She admitted that she filed the third bankruptcy petition solely as a last-ditch attempt to block the foreclosure sale of her home, which was the result of a foreclosure action by Shoma seeking to collect on a debt for several years of unpaid homeowner association fees.  She testified that she had no intention of filing for bankruptcy—even after the state court entered a final judgment of foreclosure and Shoma posted a notice of sale in the local paper—until her other last-minute efforts to persuade Shoma and the state court to delay

the sale failed. She filed her bankruptcy petition hours after her home was sold at auction to a third party, and because she did not immediately notify the state court that she had filed a bankruptcy petition, the state court clerk filed a certificate of sale later that afternoon in violation of the automatic stay.

Smith's lack of compliance with pre- and post-filing requirements and deadlines during the short pendency of her bankruptcy proceeding also supported a finding that the petition was not filed in good faith. She did not complete the pre-filing budget and credit counseling required by statute to qualify her as a debtor, so that dismissal of the petition was inevitable. *See* 11 U.S.C. § 109(h). She failed to file a Chapter 13 plan, schedules of assets and liabilities, and other required documents with her petition, and she missed the deadline set by the bankruptcy court to correct those deficiencies. *See* 11 U.S.C. § 521. When she finally did file a plan, she proposed stripping Shoma of its lien on her home despite her equity in the property exceeding the amount of the debt, and she proposed paying Shoma only enough to cover her ongoing monthly fees without repaying the debt that would have been satisfied by the foreclosure sale—meaning that the plan likely was not confirmable. She failed to appear for the initial meeting of creditors, and she failed to make timely preconfirmation payments under the plan until after the trustee moved to dismiss her petition.

Under the circumstances, the bankruptcy court's finding that the petition was filed in bad faith was not clearly erroneous. And because the petition was filed in bad faith, the bankruptcy

6                    Opinion of the Court                24-12183

court's decision to annul the automatic stay was not an abuse of discretion. *In re Dixie Broad.*, 871 F.2d at 1026; *In re Phoenix Piccadilly*, 849 F.2d at 1394.

## B.

Next, Smith argues that the bankruptcy court abused its discretion by denying her motion for reconsideration of the order granting relief from the automatic stay. A bankruptcy court may grant relief from a judgment under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure on specified grounds that include (as relevant here) a manifest error of fact or law, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or—in extraordinary circumstances—"any other reason that justifies relief." Fed. R. Civ. P. 59(e), 60(b)(1)–(2), 60(b)(6); *see* Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59(e)), 9024 (incorporating Fed. R. Civ. P. 60); *In re Daughtrey*, 896 F.3d 1255, 1280 (11th Cir. 2018); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000). But a motion filed under Rule 59(e) or Rule 60(b) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1357 (11th Cir. 2024) (quotation omitted).

The bankruptcy court considered Smith's motion and determined that she had not articulated any grounds for granting the motion under Rule 59(e) or Rule 60. This was not an abuse of discretion. For the most part, Smith reiterated the arguments she

made in response to Shoma's motion for relief from the automatic stay: that the bankruptcy filing was a good-faith attempt to block the foreclosure sale, which was flawed and unfair because of attorney negligence and lack of notice, and that she had substantial equity in the home that would be lost if the sale were completed. She did not present any evidence or argument that could not have been raised before judgment, and she did not show that the bankruptcy court's order was based on a factual or legal error or excusable neglect or that extraordinary circumstances existed warranting relief. The bankruptcy court's explanation of its ruling, though brief, indicated that it had considered Smith's arguments and applied the correct legal standard. Because the explanation was sufficient to allow for meaningful appellate review, the bankruptcy court did not abuse its discretion by not explicitly addressing every relevant circumstance or argument raised by Smith. *In re Ellingsworth Residential Cmty. Ass'n*, 125 F.4th at 1381–82.

## III.

The bankruptcy court did not clearly err in determining that Smith's Chapter 13 bankruptcy petition was filed in bad faith, and did not abuse its discretion in granting Shoma's motion for relief from the automatic stay or in denying Smith's post-judgment motion for reconsideration. We therefore affirm the bankruptcy court's orders annulling the automatic stay and denying the motion for reconsideration.

**AFFIRMED.**